1  KENNETH R. O'BRIEN, Bar No. 072128
   LITTLER MENDELSON
2  A Professional Corporation
   2520 Venture Oaks Way, Suite 390
3  Sacramento, CA 95833.4227
   Telephone:   916.561.5300
4  Facsimile:   916.561.0828
   Email: kobrien@littler.com
5
6  DENISE M. VISCONTI, Bar No. 214168
   LITTLER MENDELSON
7  A Professional Corporation
   501 W. Broadway, Suite 900
8  San Diego, CA 92101.3577
   Telephone:   619.232.0441
9  Facsimile:   619.232.4302
   Email: dvisconti@littler.com
10
   Attorneys for Defendant
11 AMERICAN AIRLINES, INC.

12                                                                      **WHA**

13              UNITED STATES DISTRICT COURT

14         NORTHERN DISTRICT OF CALIFORNIA        **3527**

15                 SAN FRANCISCO DIVISION

16 EDWARD E. ANDERSON,                  | Case No.

17              Plaintiff,              | (San Francisco Superior Court Case No.
                                        | CGC07-459441)
18        v.
                                        | **NOTICE TO FEDERAL COURT OF**
19 AMR The parent of AMERICAN           | **REMOVAL OF CIVIL ACTION FROM**
   AIRLINES INC, AMERICAN AIRLINES,     | **STATE COURT PURSUANT TO 28 U.S.C.**
20 and DOES 1 through 5 INCLUSIVE,      | **SECTIONS 28 U.S.C. SECTIONS**
                                        | **1332(A)(2); 1441; AND 1446**
21              Defendants.
                                        | Diversity Jurisdiction
22
                                        | Complaint Filed:    January 9, 2007
23

24

25

26

27

28

LITTLER MENDELSON

FIRMWIDE:82648709.1 009001.1303

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    TO THE CLERK OF THE ABOVE TITLED COURT AND PLAINTIFF EDWARD E.

2    ANDERSON:

3          PLEASE TAKE NOTICE that Defendant AMERICAN AIRLINES, INC. (hereinafter

4    "Defendant") hereby effects the removal of the this action from the Superior Court in the State of

5    California for the County of San Francisco to the United States District Court for the Northern

6    District of California.

7                          **STATEMENT FOR GROUNDS OF REMOVAL**

8          1.     Removal is based on 28 U.S.C. sections 1332(a)(2) (diversity of the parties), 1441(b),

9    and 1446 on the following grounds:

10                      **STATEMENT OF JURISDICTION [LOCAL RULE 3-5(a)]**

11         2.     This Court has original jurisdiction under 28 U.S.C. section 1332(a)(2), and this case

12   may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action

13   wherein the amount in controversy for the named plaintiff exceeds the sum of seventy five thousand

14   dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of a State and

15   citizens or subjects of a foreign state."  As set forth below, this case meets all of Section 1332's

16   requirements for removal and is timely and properly removed by the filing of this Notice.

17                              **Diversity Jurisdiction**

18         3.     28 U.S.C. 1332(a) provides as follows:

19         The district court shall have original jurisdiction of all civil actions where the
           matter in controversy exceeds the sum or value of $75,000, exclusive of interest
20         and costs, and is between –

21
           (2) citizens of a State and citizens or subjects of a foreign state...
22

23         4.     This action is a civil action of which this Court has original jurisdiction under 28

24   U.S.C. Section 1332(a)(2) and one that may be removed to the Court by Defendant pursuant to 28

25   U.S.C. Sections 1441(a) and 1446, in that it is a civil action between citizens of two different states

26   and the amount in controversy exceeds $75,000, exclusive of interest and costs, as demonstrated by

27   the following:

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

a)   Plaintiff alleges that he currently works, and has worked since 1976, at the San Francisco Airport in San Francisco, California. Complaint ¶¶ 3-4. Plaintiff's last known residence address is located in San Leandro, California. *See* Declaration of Diane Dildy ("Dildy Decl.") ¶ 8. Further, Defendant is informed and believes, and on that basis alleges, that Plaintiff currently resides in San Leandro, California. Plaintiff, therefore, is a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) [an individual is a citizen of the state in which he or she is domiciled]; State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) [residence is *prima facie* evidence of domicile for purposes of determining citizenship];

b)   Defendant American Airlines, Inc. was, at the time of filing this action, and still is, a corporation incorporated under the laws of Delaware having a principal place of business in Fort Worth, Texas. *See* Dildy Decl. ¶ 2. American Airlines, Inc. maintains its corporate headquarters in Fort Worth, Texas, where its executive offices as well as its Training Department, Medical Department, Flight Department, Flight Service Department, Legal Department, Human Resources, and administrative offices are located. *Id.* ¶ 6. Additionally, the state in which most of the corporation's physical operations and business activities are located is Texas, where it employs 22,441 employees who are directly involved in the airline's operations, maintains a large Reservations Center, owns or leases 8.4 million square feet of real estate, and departs the largest number of estimated annual flight departures (a total of 216,204 departures in the most recent calendar year 2006). *Id.* ¶¶ 2-5.

The state with the corporation's next largest concentration of physical operations and business activities is Florida, where it employs 8,847 operations employees, owns or leases over 3.25 million square feet of real estate, and departs the second highest number of estimated flight departures on an annual basis (104,784 departures in 2006). *Id.* The state in which the corporation's third largest concentration of physical operations and business activities is Illinois, where it employs 7,898 employees involved in operations, owns or leases over 6.35 million

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

FIRMWIDE:82648709.1 009001.1303                    2.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    square feet of real estate, and departs the third highest number of estimated flights on

2    an annual basis, with 89,280 departures in 2006. *Id.*

3          By comparison, American Airlines, Inc.'s California operations and business

4    activities are considerably smaller, where it employs 7,149 employees, owns or leases

5    slightly over 2.82 million square feet of space, and departs far fewer estimated flights

6    on an annual basis (74,904 departures in 2006). *Id.* As a result, American Airlines,

7    Inc.'s California operations are greatly outweighed by its operations in Texas, as well

8    as in Florida and Illinois, thereby establishing that the corporation's principal place of

9    business is outside the state of California. Tosco Corp. v. Communities for a Better

10   Environment, 236 F.3d 495, 497 (9th Cir. 2001) [state where most of the

11   corporation's physical operations and business activities are located is its principal

12   place of business]; Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.

13   N.Y. 1959) [location of corporation's executive and administrative functions is

14   corporation's "nerve center" and principal place of business]. American Airlines,

15   Inc., therefore, is not a citizen of the state in which this action is pending and is, in

16   fact, a citizen of a foreign state;

17   c)   Defendant AMR Corporation (which has not yet been served with the Complaint in

18       this action) was, at the time of filing this action, and still is, a corporation

19       incorporated under the laws of Delaware having a principal place of business in Fort

20       Worth, Texas. *See* Dildy Decl. ¶ 7. Defendant AMR Corporation has no employees,

21       and its entire operations are located and conducted in Fort Worth, Texas, which is its

22       principal place of business for purposes of removal of this action. *Id.*

23   d)   The Complaint names as defendants "Does 1 through 25, inclusive." Pursuant to 28

24       U.S.C. Section 1441(a), the citizenship of defendants sued under fictitious names

25       must be disregarded for the purpose of determining diversity jurisdiction; and

26   e)   Although Defendant denies it can or should be liable for the damages alleged in this

27       case, based on allegations in the Complaint, Plaintiff's claimed damages at issue in

28       this action are well in excess of this Court's jurisdictional minimum, Luckett v. Delta

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

1    Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal,

2    combined with plaintiff's allegations, sufficient to support finding that jurisdictional

3    limits satisfied), calculated as follows:

    i.    Plaintiff asserts a cause of action for injunctive relief and damages based upon Defendant forcing him to quit his employment. *See* Complaint, ¶¶ 7-10. As a result of the harm he alleges he suffered, Plaintiff seeks damages of "not less than $25,000." *See* Complaint, ¶ 10.

    ii.    Plaintiff also asserts a cause of action for intentional infliction of emotional distress, which he alleges he suffered as a result of Defendant's conduct. *See* Complaint, ¶¶ 17-20. As a result of the harm he alleges he suffered, Plaintiff seeks exemplary damages "in the sum of $50,000." *See* Complaint, ¶ 20.

    iii.    In addition to the exemplary damages he seeks as a result of the emotional harm he suffered, Plaintiff seeks compensatory damages from Defendant. *See* Complaint, p. 8, Prayer for Relief. Although Plaintiff's Complaint is silent with regard to the amount of compensatory damages he seeks by virtue of his claims of emotional distress, such damages nonetheless further augment the foregoing amounts and demonstrate the jurisdictional prerequisite for removal of this action is met. Luckett v. Delta Airlines, Inc., *supra*, 171 F3d at 298 [plaintiff's claims for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal].

    iv.    In addition to the foregoing causes of action and damage amounts, Plaintiff asserts an additional claim for Defendant's purported violation of California's Fair Employment and Housing Act. *See* Complaint, ¶ 11-13. Although Plaintiff does not state a specific dollar amount of damages he seeks as a result of this cause of action, Plaintiff requests in his prayer for relief lost earnings since August 15, 2005, when Defendant allegedly

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

FIRMWIDE:82648709.1 009001.1303

4.

1    began its campaign to force him to quit his employment.  Such damages,

2    in addition to the more than $75,000 Plaintiff seeks by way of his

3    Complaint, make it clear that the amount in controversy exceeds the

4    $75,000 jurisdictional amount required for removal.

5    Accordingly, because this action is a civil action between citizens of two different states, and

6    the preponderance of evidence indicates the amount in controversy exceeds $75,000 (exclusive of

7    interest and costs), removal is appropriate pursuant to 28 U.S.C. § 1332(a).

8    **INTRADISTRICT ASSIGNMENT [LOCAL RULE 3-5(b)]**

9    5.    Plaintiff alleges that he currently works, and has worked since 1976, at the San

10   Francisco Airport in San Francisco, California.  Complaint ¶¶ 3-4.  Plaintiff further alleges that all of

11   the events giving rise to his Complaint in this action occurred at the San Francisco Airport in San

12   Francisco, California.  *Id.*    Accordingly, Defendant is informed and believes, and on that basis

13   alleges, that all or a substantial part of the events or omissions which give rise to the claims alleged

14   in this action occurred in the County of San Francisco.  Defendant, therefore, believes assignment of

15   this action to the San Francisco Division is appropriate.

16   **PLEADINGS, PROCESS AND ORDERS**

17   6.    On or about January 9, 2007, Plaintiff Edward E. Anderson ("Plaintiff") filed an

18   original complaint in the Superior Court of the State of California in and for the County of San

19   Francisco, entitled *Edward E. Anderson v. AMR the parent of American Airlines Inc, American*

20   *Airlines, and Does 1-5*, case number CGC07-459441 (hereinafter "the Complaint").  Plaintiff is a

21   current employee of Defendant American Airlines.

22   7.    Plaintiff's Complaint asserts four (4) causes of action for (1) injunctive relief and

23   damages; (2) violation of California Fair Employment and Housing Act (discrimination); (3)

24   negligent infliction of emotional distress; and (4) intentional infliction of emotional distress.

25   8.    A copy of the Complaint, Summons, Notice to Plaintiff, Alternative Dispute

26   Resolution (ADR) Information Package and blank Case Management Statement was delivered to

27   Defendant American Airlines, Inc.'s Agent for Service of Process, CT Corporation System, on or

28   about June 8, 2007.  True and correct copies of the Complaint, Summons, Notice to Plaintiff,

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

FIRMWIDE:82648709.1 009001.1303                    5.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    Alternative Dispute Resolution (ADR) Information Package and blank Case Management Statement

2    are attached hereto, collectively, as Exhibit A.

3        9.    Attached hereto and incorporated herein by reference as Exhibit B is a true and

4    correct copy of Defendant American Airlines, Inc.'s Answer to Plaintiff's Complaint, filed on or

5    about July 5, 2007.

6        10.    Defendant is informed and believes that, with the exception of a hearing on the

7    Superior Court's Order to Show Cause regarding Plaintiff's failure to file adequate Proof of Service

8    of the Complaint, no further proceedings have been heard in the Superior Court for the County of

9    San Francisco. A true and correct copy of the Register of Actions from the Superior Court for the

10    County of San Francisco is attached hereto as Exhibit C.

11                          **TIMELINESS OF REMOVAL**

12        11.    This Notice of Removal is timely in that it has been filed within thirty (30) days of

13    Defendant American Airlines, Inc.'s first receipt of the Summons and Complaint, on or about June

14    8, 2007, and within one year of the filing of the Complaint on January 9, 2007.

15                          **NOTICE TO PLAINTIFF**

16        12.    Contemporaneously with the filing of this Notice of Removal in the United States

17    District Court for the Northern District of California, written notice of such filing will be served on

18    Plaintiff. In addition, a copy of the Notice of Removal will be filed with the Clerk of the Court for

19    the Superior Court of the County of San Francisco, California.

20        WHEREFORE, having provided notice as is required by law, the above-entitled action

21    should be removed from the Superior Court for the County of San Francisco to this Court.

22    Dated: July 5, 2007

23

24                          _____
                            KENNETH R. O'BRIEN

25                          DENISE M. VISCONTI
                            LITTLER MENDELSON

26                          A Professional Corporation
                            Attorneys for Defendant

27                          AMERICAN AIRLINES, INC.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

FIRMWIDE:82648709.1 009001.1303                    6.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

**EXHIBIT A**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/08/2007
Log Number 512297018

**TO:**     Emma Bolterman
            American Airlines, Inc.
            4333 Amon Carter Blvd.
            Fort Worth, TX, 76155

**RE:**     **Process Served in California**

**FOR:**    American Airlines, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Edward E. Anderson, Pltf. vs. AMR, etc., et al. including American Airlines, Dft. // To: American Airlines, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Notice to Pltf., Stipulation form(s), Case Management Statement form(s), Attachment(s) |
| **COURT/AGENCY:** | San Francisco County, San Francisco, Superior Court of California, CA Case # CGC07459441 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Racial |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/08/2007 at 09:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 6/8/2007 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Edward E. Anderson, in Pro Per 801 Galway Dr., #9 San Leandro, CA, 94580 510-825-2549 |
| **REMARKS:** | Even though Complaint names Dft. as American Airlines, Summons commands service on American Airlines, Inc. |
| **ACTION ITEMS:** | Telephone, Emma Bolterman , 817-967-2868 *Left full information on Emma Bolterman's voicemail* SOP Papers with Transmittal, via Fed Ex Standard Overnight, 798192705871 Email Notification, Kelly Tremaine-Kacprowski Kelly.Tremaine-Kacprowski@aa.com CC Recipient(s) Charles D MarLett, Corporate Secretary, via Regular Mail |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

**RECEIVED**

JUN 1 1 2007

Date Received: _____

Sent to: *Randall Whitt*

Sent by: *[signature]*

Attached please find documents that we received in our office today via our registered agent, The CT Corporation System. We are forwarding the above to you for handling in accordance with the procedures established by our departments. If you have any questions, please feel free to contact me at ICS 931-5355 or MD 5558 in HDQ1.

IJUN 1 2 2007

**RANDALL J WHITE**

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

6/7/07  9:40 AM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMR The parent of AMERICAN AIRLINES INC, AMERICAN
AIRLINES, and DOES 1 through 5 INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDWARD E. ANDERSON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, SAN FRANCISCO<br>400 McAllister Street<br>SAN FRANCISCO, CA 94102 | CASE NUMBER: CGC07- 459441<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EDWARD E. ANDERSON 510-825-2549
801 GALWAY DR #9 SAN LEANDRO, CA 94580

| DATE: JAN 9 2007<br>*(Fecha)* | GORDON PARK-LI Clerk, by CRISTINA E. BAUTISTA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* American Airlines, Inc.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. \| www.USCourtForms.com |



1  EDWARD E. ANDERSON
   801 GALWAY DR # 9
2  SAN LEANDRO, CA 94580
   510-825-2549
3  Pro per

4

5

6

7

8       SUPERIOR COURT COUNTY OF San Francisco STATE OF CALIFORNIA

9

10 EDWARD E. ANDERSON,                ) Case CGC 07- 459441
                                      ) COMPLAINT FOR EQUITABLE RELIEF
11          Plaintiff,                ) DAMAGES, VIOLATION OF
                                      ) CALIFORNIA FAIR EMPLOYMENT AND
12     vs.                            ) HOUSING ACT AND NEGELIGENCE AND
                                      ) INTENTIONAL EMOTIONAL DISTRESS
13 AMR The parent of AMERICAN         ) (unlimited jurisdiction)
                                      )
14 AIRLINES INC, AMERICAN             )
                                      )
15 AIRLINES, and DOES 1 through 5     )
                                      )
16 INCLUSIVE.                         )
                                      )
17          Defendants                )
                                      )
   _____)
18

19                     Parties

20     1. Plaintiff EDWARD E. ANDERSON, an individual, hereby

21 complains that Defendants, AMR the parent of AMERICAN AIRLINES

22 Inc., AMERICAN AIRLINES, hereinafter sometimes referred to as

23 AMR and AA, respectively, and Does I through V, and each of

24 them, allege the following causes of action against each of

25 them.

                              - 1

1    2. Plaintiff is ignorant of the true names and capacities

2  of defendants sued herein as Does 1 through 5, inclusive, and

3  therefore sue these defendants by such fictitious names.

4  Plaintiff will amend this complaint to allege their true names

5  capacities when the same are ascertained.  Plaintiff is informed

6  and believes and thereon alleges that each of the fictitiously

7  named defendants are responsible in some manner for the

8  occurrences herein alleged, and that plaintiff's injury as

9  herein alleged was proximately caused by the aforementioned

10  defendants and each of them.

11                          Jurisdiction

12    3.  Defendants operate an airline at the San Francisco

13  Airport.  Plaintiff works at the San Francisco Airport for

14  Defendants.

15    4.  In 1976, Plaintiff Edward E. Anderson was employed by

16  TWA as a Skycap.  Plaintiff continued to work for TWA until AA

17  purchased the airline.  Plaintiff has worked for AA since it

18  bought TWA.

19    5. Defendants have already suffered sanctions in a related

20  action regarding "AA's" employment practices.  On or about

21  August 15, 2005, the Defendants instituted new practices in the

22  way bags are checked.  Originally, the passengers were not

23  charged to check their bags under the new system they are now

24  charged two dollars per bag.  Previously when the skycaps helped

25  a passenger with their bags they usually received tips.  One of

- 2

1  the effects of the new system is that skycaps are assigned to a

2  certain location.  The location given a skycap is very

3  important.  If the location assigned to a skycap contains a

4  broken machine or is in an area with less access to passengers,

5  his ability to receive tips is at best, limited, or he is not

6  able to check bags at all.  Without the ability to check bags,

7  the skycap does not obtain any tips.  Under the new system, tips

8  have been reduced.

9      6. The Defendants have been able to eliminate all but a few

10  of the Skycaps in San Francisco and in Chicago; the remainder of

11  the jobs have been outsourced.  Since August 2005, defendants

12  and their employees have embarked on a campaign to eliminate

13  Plaintiff's job.

First Cause of Action

(Injunctive relief and damages)

17      7.  Plaintiff incorporates herein by reference all of the

18  allegations in paragraphs 1 through 6, as though fully set forth

19  herein.

20      8. The Defendants and their employees have embarked on a

21  course of action to remove Plaintiff from employment at "AA."

22  As part of defendants plan to replace Mr. Anderson, and despite

23  plaintiff's seniority, on or before August 15, 2005, defendants

24  have given Mr. Anderson less desirable hours.  While it was

25  possible to give him a six-hour shift, he was scheduled to four-

1  hour shifts and assigned to less desirable locations. Unlike

2  other "AA" employees, Plaintiff is not allowed to move to other

3  cities. Plaintiff, a seventy-three year old black man, alleges

4  that the actions of Defendants are calculated to force Plaintiff

5  to quit, and that plaintiff's age and race are factors in the

6  action against plaintiff.

7      9.  Plaintiff filed a claim with the California Department

8  of Fair Employment and Housing and received a right to sue

9  letter under the California Government Code section 12965 et

10 seq., a copy of the letter is attached as exhibit "A" to this

11 complaint and incorporated by this reference.

12     10.  Plaintiff has no adequate remedy at law therefore,

13 requests this court enjoin Defendants from its discriminatory

14 conduct against Plaintiff. In addition to this injunction,

15 plaintiff requests damages in accordance with proof but not less

16 than $25,000.

17     WHERFORE, plaintiff prays for judgment against

18 defendants as hereinafter set forth.

19                    Second Cause of Action

20     (Violation of California Fair Employment and Housing Act)

21

22     11.  Plaintiff incorporates herein by reference all of the

23 allegations in paragraphs 1 through 9, as though fully set forth

24 herein.

25

                              - 4

1    12.   The <u>California Government Code section 12940</u> et seq.

2    requires defendants to treat employees fairly with regard to

3    their employment.   It prohibits discrimination against employees

4    on the basis of race and age and in violation of their civil

5    rights.   Plaintiff, a 73-year-old black man, was treated

6    unfairly by giving him less desirable hours and assignments, as

7    alleged above.   Plaintiff alleges that defendant took actions

8    alleged in this matter to retaliate against Plaintiff who spoke

9    up for himself and for others, and thereby force plaintiff to

10   quit.   Defendants' actions caused a reduction in Plaintiff's

11   income.   Plaintiff has been forced to take this action to

12   protect his rights.   <u>California Government Code Section 12965</u>

13   <u>(b)</u> provides for plaintiff to recover attorney fees if forced to

14   sue under these circumstances.

15   13.   As a result of Defendants' actions, plaintiff has been

16   damaged in an amount that will be requested in accordance with

17   proof.   In addition to the damages listed herein, the Plaintiff

18   is also entitled to attorney fees.

19   WHERFORE, plaintiff prays for judgment against defendants

20   as hereinafter set forth.

21   ////

22

23

24

25

## Third Cause of Action

(Negligence Infliction of Emotional Distress)

14. Plaintiff incorporates herein by reference all of the allegations in paragraphs 1 through 9 paragraph 12 as though fully set forth herein.

15. Defendants knew or should have known, with the exercise of reasonable care that the acts and conduct described above in paragraphs 5-6, 8-9 and 12 would cause serious emotional distress to plaintiff. Defendants' either had the knowledge or should have had the knowledge that said actions would caused plaintiff severe emotional distress.

16. As a proximate result of the actions of defendants, plaintiff has suffered and continues to suffer humiliation, anxiety, and severe emotional distress in a sum according to proof.

## Fourth Cause of Action

(Intentional Infliction of Emotional Distress)

17. Plaintiff incorporates herein by reference all of the allegations in paragraphs 1 through 9 paragraphs 12, 15 as though fully set forth herein.

18. Defendants' actions constitute harassment calculated to force Plaintiff to quit. Such action has caused Plaintiff to

- 6 -

1  suffer emotional distress.  Defendants have engaged in extreme
2  and outrageous conduct with either the deliberate intent to
3  cause and /or with reckless disregard for the likelihood of its
4  causing severe emotional distress to plaintiff.

5      19.  Said conduct, in fact, proximately caused, and
6  continues to proximately cause plaintiff severe emotion distress
7  leading to his damages as herein alleged.

8      20. Plaintiff alleges that the acts described herein,
9  including, but not limited to cutting Plaintiffs shifts, giving
10 him less desirable locations, and allowing other employees who
11 have less seniority than Plaintiff to have more desirable
12 location and working conditions were done maliciously and
13 intentionally and in conscious disregard of his rights to injure
14 plaintiff and plaintiff is entitled to exemplary damages in the
15 sum of $50,000.00.

16                    PRAYER FOR RELIEF
17      WHEREFORE, Plaintiff prays judgment as follows:
18         1.  For an order-requiring defendant to cease the
19 conduct calculated to discriminate against plaintiff.  This was
20 done by placing him at location with less traffic and machines
21 that were not in full repair, and giving other workers better
22 hours.
23         2.  For damages that occurred because of defendant
24 violation of California law including lost earnings in
25 accordance with proof.

1     3.   For reasonable attorney as allowed under

2   California law.

3     4.   For negligence infliction of emotional distress in

4   accordance with proof.

5     5.   For intentional infliction of emotion distress in

6   accordance with proof.

7     6.   For punitive damages in the sum of $50,000.00

8     7.   For costs of suit.

9     8.   For such other relief that seems just and proper

10   to the court.

11

12      Dated:                          Respectfully submitted,

13                                   By _Edward E. Anderson_

14                                      Edward E. Anderson
                                        In Pro Per

15

16

17

18

19

20

21

22

23

24

25

- 8

STATE OF CALIFORNIA - Sum and Consumer Services Agency                                      ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729
**H**

☐ 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760
**C**

☐ 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799
**S/T**

☐ 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941
**M**

☐ 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523
**E**

☐ 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681
**D**

☑ San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973
**A**

☐ 111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277
**G**

☐ 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266
**K**

Date:      January 25, 2006

Case Name:   EDWARD ANDERSON vs.
             AMERICAN AIRLINES

EEOC No:    550-2006-00113

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember:  This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

CASE NUMBER: CGC-07-459441  EDWARD E ANDERSON VS. AMR THE PARENT OF AMER

## **NOTICE TO PLAINTIFF**

A Case Management Conference is set for

|            |                           |
|------------|---------------------------|
| **DATE:**  | **JUN-08-2007**           |
| **TIME:**  | **9:00AM**                |
| **PLACE:** | **Department 212**        |
|            | **400 McAllister Street** |
|            | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

---

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### **ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS**

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

---

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.



- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.



# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties



voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.



### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.



### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**          ☐  **Mediation Services of BASF**  ☐  **Judicial Mediation**
☐ **Binding arbitration**                                               Judge _____
☐ **Non-binding judicial arbitration**                                  Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

_____     _____     _____
Name of Party Stipulating              Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐  Plaintiff     ☐  Defendant     ☐  Cross-defendant                         Dated: _____

_____     _____     _____
Name of Party Stipulating              Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐  Plaintiff     ☐  Defendant     ☐  Cross-defendant                         Dated: _____

_____     _____     _____
Name of Party Stipulating              Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐  Plaintiff     ☐  Defendant     ☐  Cross-defendant                         Dated: _____

☐  *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in (check all that apply):

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (specify exemption):

## 11. Settlement conference
☐ The party or parties are willing to participate in an early settlement conference (specify when):

## 12. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

## 13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other (specify):
Status:

## 14. Related cases, consolidation, and coordination
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

## 15. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

## 16. Other motions
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

# EXHIBIT B

KENNETH R. O'BRIEN, Bar No. 072128
LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way, Suite 390
Sacramento, CA 95833.4227
Telephone:    916.561.5300
Facsimile:    916.561.0828
Email: kobrien@littler.com

DENISE M. VISCONTI, Bar No. 214168
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Facsimile:    619.232.4302
Email: dvisconti@littler.com

Attorneys for Defendant
AMERICAN AIRLINES, INC.

ENDORSED
FILED
San Francisco County Superior Court

JUL 5 2007
GORDON PARK-LI, Clerk
BY: MARIA SANCHEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

EIGHTH JUDICIAL DISTRICT

EDWARD E. ANDERSON,

                    Plaintiff,

        v.

AMR The parent of AMERICAN
AIRLINES INC, AMERICAN AIRLINES,
and DOES 1 through 5 INCLUSIVE,

                    Defendants.

Case No.  CGC07-459441

**DEFENDANT AMERICAN AIRLINES,
INC.'S ANSWER TO PLAINTIFF
EDWARD E. ANDERSON'S COMPLAINT**

Complaint Filed:  January 9, 2007

Defendant AMERICAN AIRLINES, INC. ("Defendant") hereby answers the Complaint of

Plaintiff EDWARD E. ANDERSON ("Plaintiff") as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

Firmwide:82672530.2 009001.1303

DEFENDANT'S  ANSWER TO PLAINTIFF'S COMPLAINT

# I.
# GENERAL DENIAL

Pursuant to Section 431.30(b)(1) of the California Code of Civil Procedure, Defendant hereby generally denies each and every allegation contained therein, and the whole thereof, and further deny that Plaintiff has been, is or will be damaged in any sum or manner, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of Defendant's acts, conduct or omissions.

# II.
# AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

1.    AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges the Complaint and each cause of action set forth therein fail to state sufficient facts to constitute a cause of action against Defendant.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2.    AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3.    AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges that, in the event damages, injuries and/or losses were suffered by Plaintiff, which Defendant denies, such damages, injuries and/or losses resulted from the negligence of parties, persons and/or entities other than Defendant, and Defendant's liability, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant under applicable law(s).

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento CA 95833 4227
916 561 5300

Firmwide:82672530.2 009001.1303                2.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    **FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

2    4.    AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

3    and to each cause of action contained therein, Defendant is informed and believes that a reasonable

4    opportunity for investigation and discovery will reveal, and on that basis allege, Plaintiff has failed

5    to exercise reasonable care to mitigate his damages, if any were suffered, and that his right to

6    recover against Defendant should be reduced and/or eliminated by such a failure.

7    **FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

8    5.    AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

9    Defendant is informed and believe that a reasonable opportunity for investigation and discovery will

10   reveal, and on that basis alleges, the Complaint and each cause of action set forth therein is barred by

11   the equitable doctrine of waiver.  Defendant reserves the right to amend its answer upon further

12   investigation and discovery of facts supporting this defense.

13   **SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

14   6.    AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

15   Defendant is informed and believes that a reasonable opportunity for investigation and

16   DISCOVERY will reveal, and on that basis allege, the Complaint and each cause of action set forth

17   therein is barred by the equitable doctrine of consent.  Defendant reserves the right to amend its

18   answer upon further investigation and discovery of facts supporting this defense.

19   **SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

20   7.    AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

21   Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and

22   discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth

23   therein is barred by the equitable doctrine of estoppel.  Defendant reserves the right to amend its

24   answer upon further investigation and discovery of facts supporting this defense.

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

Firmwide:82672530.2 009001.1303                    3.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

2      8.      AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

3    Defendant is informed and believes that a reasonable opportunity for investigation and discovery

4    will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein is

5    barred by the equitable doctrine of laches. Defendant reserves the right to amend its answer upon

6    further investigation and discovery of facts supporting this defense.

7

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

8      9.      AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

9    Defendant is informed and believes that a reasonable opportunity for investigation and discovery

10   will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein is

11   barred by the equitable doctrines of unclean hands. Defendant reserves the right to amend its answer

12   upon further investigation and discovery of facts supporting this defense.

13

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

14     10.     AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

15   Defendant alleges the Complaint and each cause of action set forth therein is barred because Plaintiff

16   failed to timely and completely exhaust his requisite administrative and/or contractual remedies

17   available to him under the California Labor Code prior to commencing this action.

18

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

19     11.     AS A ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

20   Defendant alleges that each purported cause of action set forth in the Complaint is barred in whole or

21   in part by the applicable statute(s) of limitation, including without limitation, the two-year

22   limitations period contained in California Code of Civil Procedure section 335.1; the one-year

23   limitations period contained in California Government Code § 12965(b); and/or the six-month

24   limitations period under section 301 of the Labor Management Relations Act ("LMRA") as set forth

25   in DelCostello v. Teamsters, 462 U.S. 151 (1983).

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 300
Sacramento, CA 95833 4227
916 561 5300

Firmwide:82672530.2 009001.1303                4.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    **TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

2    12.    AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

3    Defendant is informed and believes that a reasonable opportunity for investigation and discovery

4    will reveal and, on that basis, alleges that if Plaintiff suffered any damages, which Defendant denies,

5    such damages were proximately or legally caused by the misconduct of Plaintiff, and, accordingly,

6    without admitting that Plaintiff is entitled to any recovery, Defendant alleges that any recovery to

7    which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory/comparative

8    fault and/or assumption of the risk.

9    **THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

10    13.    AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

11    Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and

12    discovery will reveal and, on that basis, alleges Plaintiff's claims are barred by his own breach of the

13    duties owed to Defendant under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859.

14    **FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

15    14.    AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

16    Complaint, Defendant alleges Plaintiff was an at-will employee pursuant to Labor Code section

17    2922.

18    **FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

19    15.    AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

20    Defendant alleges that, to the extent Plaintiff's claims constitute minor disputes under the Railway

21    Labor Act, 25 U.S.C. 151 *et seq.*, such claims are preempted. Hawaiian Airlines v. Norris, 512 U.S.

22    246 (1994), 1994 U.S. LEXIS 4670 (1994).

23    **SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

24    16.    AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

25    Defendant alleges that, to the extent Plaintiff's claims involve conduct that is, or seek remedies that

26    are, governed or regulated by federal law, such claims are preempted.

27    / / /

28    / / /

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento  CA  95833 4227
916 561 5300

Firmwide:82672530.2 009001.1303                    5.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

2    17.    AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

3  Complaint, Defendant alleges that, to the extent Plaintiff's claims under state law relate to rates,

4  routes and/or services of an air carrier, they are preempted by Section 1305(a)(1) of the Airlines

5  Deregulation Act of 1978. 49 U.S.C. §1305(a)(1).

6

**EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

7    18.    AS A EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE

8  Complaint, Defendant alleges Complaint and each cause of action set forth therein is uncertain.

9

**NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

10    19.    AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

11  Complaint, Defendant alleges that the Complaint and each cause of action set forth therein is barred

12  because Defendant acted in good faith at all times relevant to the Complaint.

13

**TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

14    20.    AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the

15  Complaint, Defendant alleges that, to the extent during the course of this litigation Defendant

16  acquires any evidence of wrongdoing of Plaintiff, which wrongdoing would have materially affected

17  the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being either

18  demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on

19  liability or damages and shall reduce such claim as provided by law.

20

**TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

21    21.    AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the

22  Complaint, Defendant alleges this Court lacks jurisdiction over the claims alleged in Plaintiff's

23  Complaint in that any claim for injuries to Plaintiff alleged in the Complaint is barred to the extent it

24  is or was cognizable under the California Workers' Compensation Act [Cal. Lab. Code § 3600 et

25  seq.] by reason of the exclusivity provisions of said statute in that there was an employer-employee

26  ///

27  ///

28  ///

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916 561 5300

Firmwide:82672530.2 009001.1303                    6.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1   relationship between Plaintiff and Defendant, the conduct of Defendant and/or its agents alleged in

2   the Complaint was within the course and scope of that employment relationship, and the purported

3   injuries and damages of Plaintiff, if any, arose out of that employment relationship and that alleged

4   conduct.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

6       22.     AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE to the Complaint,

7   Defendant alleges that Plaintiff's damages for emotional distress are barred in that conduct by

8   Defendant neither contravened any established public policy nor exceeded the inherent risks of

9   employment.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

11      23.     AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE to the

12  Complaint, Defendant alleges that all requests for emotional and or physical distress type damages

13  are barred to the extent that such were or are cognizable under the worker's compensation statutes of

14  the state of California.

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

16      24.     AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to the

17  Complaint, Defendant alleges that any purportedly unlawful or other wrongful acts of any person(s)

18  employed by Defendant were outside the scope of his/her authority and that such acts, if any, were

19  not authorized, ratified or condoned by Defendant nor did Defendant know or have reason to be

20  aware of such alleged conduct.

### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

22      25.     AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to the

23  Complaint, Defendant alleges that it acted in good faith, based on the facts and circumstances known

24  to it at all times during Plaintiff's employment.

25  ///

26  ///

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

Firmwide:82672530.2 009001.1303               7.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1     **TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

2     26.    AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the

3     Complaint, Defendant alleges that any conduct of its managers and supervisors was protected by the

4     managerial privilege and that all actions taken with respect to Plaintiff's employment were

5     undertaken and exercised with proper managerial discretion and/or justified by legitimate and

6     substantial business reasons.

7     **TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

8     27.    AS A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to the

9     Complaint, Defendant alleges the Complaint and each and every cause of action alleged therein is

10    barred in that there were legitimate, non-discriminatory reasons for each and every employment

11    practice or action taken by Defendant that is alleged to have adversely affected Plaintiff.

12    **TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

13    28.    AS A TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to the

14    Complaint, Defendant alleges that an award of punitive damages would violate Defendant's right to

15    due process under the United States and California Constitutions.

16    **TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

17    29.    AS A TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the

18    Complaint, Defendant alleges Plaintiff's Complaint, to the extent it seeks punitive or exemplary

19    damages pursuant to Section 3294 of the California Civil Code, violates Defendant's rights to

20    procedural due process under the Fourteenth Amendment to the United States Constitution and the

21    Constitution of the State of California and, therefore, fails to state a cause of action upon which either

22    punitive or exemplary damages can be awarded.

23    **THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

24    30.    AS A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint,

25    Defendant alleges Plaintiff has failed to allege punitive damages with requisite specificity.

26    / / /

27    / / /

28    / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916 561 5300

Firmwide:82672530.2 009001.1303                    8.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

31.     AS A THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, Defendant alleges the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional affirmative defenses.

WHEREFORE, Defendant American Airlines, Inc. prays that:

    1.     Plaintiff's Complaint be dismissed in its entirety with prejudice;

    2.     Plaintiff take nothing by this action;

    3.     Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

    4.     Defendant be awarded such further relief as the Court deems just and proper.

Dated: July 3, 2007

KENNETH R. O'BRIEN
DENISE M. VISCONTI
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AMERICAN AIRLINES, INC.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916 561 5300

Firmwide:82672530.2 009001.1303            9.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE BY MAIL

2          I am employed in San Diego County, California.  I am over the age of eighteen years

3   and not a party to the within-entitled action.  My business address is 501 W. Broadway, Suite 900,

4   San Diego, California  92101.3577.  I am readily familiar with this firm's practice for collection and

5   processing of correspondence for mailing with the United States Postal Service.  On July 3, 2007, I

6   placed with this firm at the above address for deposit with the United States Postal Service a true and

7   correct copy of the within document(s):

8          DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER TO
           PLAINTIFF EDWARD E. ANDERSON'S COMPLAINT
9
           in a sealed envelope, postage fully paid, addressed as follows:
10
      Edward E. Anderson
11    801 Galway Drive #9
      San Leandro, CA  94580
12    Phone: (510) 825-2549

13         Following ordinary business practices, the envelope was sealed and placed for

14  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

15  the United States Postal Service on this date.

16         I declare under penalty of perjury under the laws of the State of California that the

17  above is true and correct.

18         Executed on July 3, 2007, at San Diego, California.

19

20                                        _Loriann L. Christy_

21                                        Loriann L. Christy

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego CA 92101-3577
619.232.0441

Proof of Service

**EXHIBIT C**

## Superior Court of California, County of San Francisco
Case Number: CGC-07-459441
Title: EDWARD E ANDERSON VS. AMR THE PARENT OF AMERICAN AIRLINES INC et al
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: Jun-14-2007 11:27 am PST

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

# Register of Actions

Date Range: First Date  Jan-09-2007    Last Date  Jun-14-2007    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence          ALL FILING TYPES          Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| JUN-01-2007 | ORDER TO SHOW CAUSE SET FOR JUL-23-2007 IN DEPARTMENT 212 AT 1:30 PM FOR FAILURE TO FILE PROOF OF SERVICE ON DEFENDANT(S) AND OBTAIN ANSWER(S), OR ENTER DEFAULT(S). THE JUN-08-2007 CASE MANAGEMENT CONFERENCE IS OFF CALENDAR. NOTICE SENT BY COURT. | View | |
| MAY-01-2007 | AFTER HEARING, ORDER TO SHOW CAUSE IS ORDERED OFF CALENDAR. (212) PROCEEDINGS REPORTED BY: LAURA MARTINEZ, CSR#11332. (212) | | |
| MAY-01-2007 | MINI-MINUTES FOR MAY-01-2007 9:00 AM | | |
| MAR-28-2007 | ADDED TO PROOF OF SERVICE ORDER TO SHOW CAUSE CALENDAR HEARING SET FOR MAY-01-2007 AT 09:00 AM IN DEPT 212 | View | |
| JAN-09-2007 | NOTICE TO PLAINTIFF | View | |
| JAN-09-2007 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT FILED BY PLAINTIFF ANDERSON, EDWARD E AS TO DEFENDANT AMR THE PARENT OF AMERICAN AIRLINES INC AMERICAN AIRLINES DOES 1 THROUGH 5 INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR JUN-08-2007 PROOF OF SERVICE DUE ON MAR-12-2007 CASE MANAGEMENT STATEMENT DUE ON MAY-24-2007 | View | 335.00 |