1  FREDERICK C. ROESTI, Bar No. 77932
   Frederickcroesti@aol.com
2  LAW OFFICE OF FREDERICK C. ROESTI
   1095 Market Street, #419
3  San Francisco, California 94103
   Telephone:    415.552.3733
4  Facsimile:    415.552.1849

5  Attorneys for Plaintiff
   EDWARD E. ANDERSON
6

7  KENNETH R. O'BRIEN, Bar No. 072128
   E-mail: kobrien@littler.com
8  LITTLER MENDELSON
   A Professional Corporation
9  2520 Venture Oaks Way, Suite 390
   Sacramento, CA 95833.4227
10 Telephone:    916.830.7200
   Facsimile:    916.561.0828
11
   DENISE M. VISCONTI, Bar No. 214168
12 E-mail: dvisconti@littler.com
   LITTLER MENDELSON
13 A Professional Corporation
   501 W. Broadway, Suite 900
14 San Diego, CA 92101.3577
   Telephone:    619.232.0441
15 Facsimile:    619.232.4302

16 Attorneys for Defendant
   AMERICAN AIRLINES, INC.
17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20                       SAN FRANCISCO DIVISION

21 EDWARD E. ANDERSON,                    Case No.  07-cv-3527 WHA

22              Plaintiff,                **JOINT STATEMENT PURSUANT TO
                                          FEDERAL RULES OF CIVIL
23 v.                                     PROCEDURE 26(F)**

24 AMR The parent of AMERICAN AIRLINES    Scheduling Conference
   INC, AMERICAN AIRLINES, and DOES 1
25 through 5 INCLUSIVE,                    Date:        October 11, 2007
                                          Time:        11:30 a.m.
26              Defendants.               Courtroom:   9

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83171347.1 009001.1303                              07-cv-3527 WHA

1    Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16-9, and this Court's

2    July 6, 2007, Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiff

3    EDWARD E. ANDERSON ("Plaintiff") and Defendant AMERICAN AIRLINES, INC.

4    ("Defendant") hereby submit the following report:

5        **A.    Procedural Posture of Case**

6        Plaintiff initiated this action on June 8, 2007, in the Superior Court for the County of San

7    Francisco.  Plaintiff served the Complaint on Defendant's agent for service of process on or about

8    June 8, 2007.    On July 5, 2007, Defendant timely filed an Answer to Plaintiff's Complaint.

9    Thereafter, on July 6, 2007, Defendant timely removed the action to this Court based upon diversity

10   of citizenship jurisdiction and, as demonstrated in Defendant's Notice of Removal and as further set

11   forth below, premised upon the fact that the $75,000 jurisdictional pre-requisite was met.

12       The Initial Case Management Conference in this matter has been scheduled for October 11,

13   2007.  On September 20, 2007, newly-substituted in counsel for Plaintiff and counsel for Defendants

14   met and conferred regarding this matter, and engaged in follow-up correspondence, as required

15   pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16-9.

16       **B.    Jurisdiction and Service**

17       *Plaintiff's position*: Plaintiff filed the case in State Court under the California Fair

18   Employment and Housing Act, with venue in San Francisco County, where the San Francisco

19   International Airport is located.   Plaintiff contends all parties were served and that Defendant

20   removed the case to federal court.

21       *Defendant's position*: Defendant American Airlines, Inc. was served as indicated, above, on

22   June 8, 2007.   To Defendant's knowledge, AMR Corporation has not yet been served with the

23   Complaint in this action.

24       **C.    Facts**

25       *Plaintiff's Contentions:*   Plaintiff contends the fact will show that: Mr. Anderson was a Sky-

26   cap for TWA for many years.   TWA was purchased by AMR.  As part of the agreement with TWA,

27   AMR agreed that  Mr. Anderson and the other Sky-caps employment was to be continued under the

28   same terms and conditions that had occurred prior the purchase. Mr. Anderson has been employed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833 4227
916 830 7200

Firmwide:83171347.1 009001.1303

07-cv-3527 WHA

JOINT 26(f) REPORT AND DISCOVERY PLAN

1    by AMR for the last 20 years.  After AMR took over, it attempted to replace the Sky-caps, but a

2    Federal court ruled that AMR's attempt to replace the Sky-caps was illegal and ordered AMR to

3    refrain from any further actions against the Sky-caps and Mr. Anderson.

4           In August 2005, AMR again attempted to eliminate the remaining Sky-caps when it installed

5    a new system to check bags at the airport.  The new system required the passenger to pay $2.00 per

6    bag to go to AMR.  Traditionally, a substantial part of the Sky-caps income was from tips for

7    assisting passengers with their bags.  Under the new system the passengers were charged by AMR

8    for their bags and any tips to the Sky-caps fell off precipitously.

9           AMR then decided to do away with most Sky-caps and contract most the Sky-cap duties to

10   an outside vendor.  Despite the fact that Mr. Anderson had seniority over the other Sky-caps he was

11   denied seniority to which he was entitled.  Skycaps were assigned to a specific station and could no

12   longer move to the place where they were needed.  Mr. Anderson was assigned to the worst bag

13   check area.  Mr. Anderson was placed in an area with a defective machine for bagging tags.  The

14   machine was often out of order which meant that he could not assist passengers with their bags and

15   therefore would not have any chance to receive tips.  Mr. Anderson's income suffered twice as a

16   result of this discrimination, once from the new system and second from the fact he was often put in

17   the area with the defective machine.

18          In the past Mr. Anderson could receive approximately $100.00 in tips per shift, in a good

19   location.  As a result of the above actions, Mr. Anderson has received approximately $25.00 in tips

20   per shift at the station where he is located.  Hence he has been damaged in the amount of at least

21   $75.00 per shift.  Mr. Anderson usually works about five shifts per week.  Therefore from August

22   15, 2005 until June 30, 2007, Mr. Anderson has been damaged in the amount of $39,500.  In

23   addition, Mr. Anderson suffered the indignities of insults, ridicule, and disdain, loss of status, injury

24   to his reputation, and pain and suffering from egregious mistreatment.  All the above actions were

25   calculated to harass and intimidate Mr. Anderson with the goal of forcing him to quit.  As a result,

26   Mr. Anderson should be compensated in the amount of an additional $39,500.00 in non-economic

27   damages.

28   / / /

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

1    *Defendant's Contentions:* At all relevant times to the allegations contained in the Complaint,

2    Plaintiff has been employed by Defendant American Airlines, Inc. At no time has Plaintiff been

3    employed by AMR Corporation, which Plaintiff named as a Defendant in this action but has not yet

4    served it with the Complaint and, as such, AMR Corporation has not yet appeared in this action.

5    Defendant denies Plaintiff's allegations and contend that each of his claims are without merit.

6    **D.    Legal Issues**

7    *Plaintiff's Position:* Plaintiff per the complaint contends: Plaintiff should obtain injunctive

8    relief that ordered defendant to cease the calculated discrimination against Plaintiff by placing

9    Plaintiff in undesirable locations, with less traffic, with broken machines, with regard to his

10   seniority, and for work shifts with hours less that Plaintiff requested and others were awarded.

11   Defendant's actions constitute age and race discrimination against Plaintiff, an African-American,

12   age 73 in violation of the California Fair Employment and Housing Act. Defendant's actions were

13   retaliation in violation of the California Fair Employment and Housing Act in response to the fact

14   that Plaintiff spoke up for himself and others. Defendant's actions constituted negligent infliction of

15   emotional distress. Defendant's actions constituted intentional infliction of emotion distress. In

16   addition to damages for lost wages, and emotional distress, Plaintiff was entitled to statutory attorney

17   fees, and punitive damages.

18   *Defendant's Position:* Defendant believes the primary legal issue to be determined in this

19   case is whether or not the actions by Defendant as complained of by Plaintiff in the Complaint

20   (which Defendant asserts were undertaken, if at all, for legitimate business reasons) were a pretext

21   for or were intended to discriminate against the Plaintiff on an impermissible statutory basis. It is

22   Defendant's legal position that they were not and, further, that Plaintiff has absolutely no evidence to

23   support his allegation that they were.

24   **E.    Motions**

25   *Plaintiff's Position:* None pending. Plaintiff anticipates summary judgment motions in favor

26   of Plaintiff and Defendant.

27   *Defendant's Position:* Defendant anticipates filing a motion for summary judgment of all

28   claims alleged against it.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83171347.1 009001.1303                3.                07-cv-3527 WHA

JOINT 26(f) REPORT AND DISCOVERY PLAN

**F.    Amendment to Pleadings**

The parties do not anticipate any amendments to the pleadings.

**G.    Evidence Preservation**

*Plaintiff's Position:*  Plaintiff will take steps to preserve evidence re machines used in handling bags and all communications regarding issues in case.

*Defendant's Position:*  Defendant has taken appropriate steps to preserve information relevant to Plaintiff's claims, including all electronic evidence.

**H.    Disclosures**

The parties agreed their initial disclosures required pursuant to Rule 26(a)(1) will be made no later than October 4, 2007.

**I.    Discovery**

There has been no discovery completed to date.

**Anticipated discovery:**

*By Plaintiff:*  If the use of Early Neutral Evaluation does not result in settlement, Plaintiff will conduct full discovery, included admissions, interrogatories, and demand for production of documents, and will take depositions of management and supervisor employees, and statements or depositions from co-workers.

*By Defendant:*  Defendant intends to depose Plaintiff regarding his allegations and serve written discovery as soon as possible.  Additional written discovery will be necessary, depending upon the outcome of the Early Neutral Evaluation conference.

The parties estimate they should be able to complete discovery by March 2008.

**Changes to discovery limitations:**  The parties do not believe there is an immediate need to modify the discovery limitations placed upon discovery by the federal rules.  The parties will, to the extent necessary, explore that issue at a later date.

**Electronic discovery:**  Defendant American Airlines, Inc. maintains a personnel file as to Plaintiff.  Some portion of those documents may consist of emails or electronic documents.  This file has been preserved.  There also may be additional emails or electronic documents that potentially are relevant to Plaintiff's allegations.  Otherwise, there do not appear to be any additional electronic

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83171347.1 009001.1303                    4.                    07-cv-3527 WHA

JOINT 26(f) REPORT AND DISCOVERY PLAN

1  records or discovery applicable to Plaintiff's claims, but further assessment may be necessary as the

2  case develops.

**J.    Class Action**

The case has been pled as a single-plaintiff case.

**K.    Related Cases**

The parties are unaware of any related cases pending in any court or administrative body.

**L.    Relief**

Plaintiff requests $34,500 in lost wages from discrimination. There are no medical injuries or damages. Plaintiff requests $34,500 in emotional non-economic damages. Plaintiff will seek punitive damages of $100,000. Plaintiff seeks attorneys fees and costs as well. Plaintiff will seek remedial relief.

**M.    Settlement and ADR.**

*Plaintiff's position:* Prior to commencing litigation, Plaintiff submitted a detailed settlement demand to Defendant. There was no response. In the event there is a good faith response at or before the time of the Early Neutral Evaluation, the demand and response may provide the framework for settlement utilizing the Early Neutral Evaluation ADR procedure. Plaintiff proposes Non-binding Arbitration should the case not settle at the Early Neutral Evaluation conference.

*Defendant's position:* As per the Stipulation filed by the parties, the parties agreed to submit the case to an Early Neutral Evaluation conference as provided for under this Court's ADR Multi-Option Program. If settlement does not result from the Early Neutral Evaluation conference, Defendant would not be interested in non-binding arbitration.

**N.    Consent to Magistrate Judge**

The parties do not consent to have a magistrate judge conduct all further proceedings at this time.

**O.    Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel at this time

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

Firmwide:83171347.1 009001.1303                5.                07-cv-3527 WHA

JOINT 26(f) REPORT AND DISCOVERY PLAN

P.    **Narrowing of Issues**

Should the matter proceed to trial, Defendant intends to seek to bifurcate the issue of punitive damages.

Q.    **Expedited Schedule**

The parties are not in a position to agree to an expedited schedule at this time.

R.    **Scheduling**

The parties propose the following dates:

| | |
|---|---|
| Discovery cutoff: | April 7, 2008 |
| Hearing date for motions: | May 12, 2008 |
| Pretrial conference: | Week of June 9, 2008 |
| Trial: | Week of July 14 or 21, 2008 |

S.    **Trial Estimate.**

*Plaintiff's position:* Plaintiff requests a jury trial. The removal to federal court was unanticipated. Plaintiff is therefore able to make a timely demand, within time deadlines that would otherwise apply to complaints filed in state court, then removed. Plaintiff estimates that a jury trial will take 4 to 5 days.

*Defendant's position:* No timely jury demand has been filed and the time by which to do so has passed. Fed. R. Civ. Proc. 81(c). Therefore, the case will be heard as a bench trial. Defendant therefore estimates trial in this matter to be 2 days.

T.    **Disclosure of Non-party Interested Entities or Persons**

*Plaintiff's position:* Plaintiff's attorney is filing the Certification of Interested Entities or Persons. Other skycaps: This action is brought solely on behalf of Plaintiff Anderson. However, Plaintiff's attorney, on information and belief, is aware that there may be an action in St. Louis, Missouri, that also contests the new baggage fee policy. Plaintiff's attorney is unaware of its status.

*Defendant's position:* Defendant filed a Certification of Interested Entities or Persons. In any event, the undersigned certifies that the following listed persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83171347.1 009001.1303    6.    07-cv-3527 WHA

JOINT 26(f) REPORT AND DISCOVERY PLAN

1  financial interest in that subject matter or in a party that could be substantially affected by the

2  outcome of this proceeding:

3          <u>Name</u>                                <u>Connecting and Interest</u>

4      1.  Edward E. Anderson          Plaintiff

5      2.  AMR Corporation             Defendant and parent corporation to American

6                                            Airlines, Inc.

7      3.  American Airlines, Inc.        Defendant and wholly-owned subsidiary of

8                                            AMR Corporation

9       Respectfully Submitted,

10  DATED: October _____, 2007             LAW OFFICE OF FREDERICK C. ROESTI

11

12                                      By:_____

13                                            FREDERICK C. ROESTI

14                                      Attorneys for Plaintiff
                                    EDWARD E. ANDERSON

15

16  DATED: October 4, 2007               LITTLER MENDELSON
                                    A Professional Corporation

17

18                                      By:_____

19                                           KENNETH R. O'BRIEN
                                          DENISE M. VISCONTI

20                                      Attorneys for Defendant

21                                      AMERICAN AIRLINES, INC.

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

Firmwide:83171347.1 009001.1303              7.                  07-cv-3527 WHA

JOINT 26(f) REPORT AND DISCOVERY PLAN

1  financial interest in that subject matter or in a party that could be substantially affected by the

2  outcome of this proceeding:

3                    Name                                    Connecting and Interest

4        1.  Edward E. Anderson                  Plaintiff

5        2.  AMR Corporation                       Defendant and parent corporation to American
                                                                Airlines, Inc.
6

7        3.  American Airlines, Inc.              Defendant and wholly-owned subsidiary of
                                                                AMR Corporation
8

9        Respectfully Submitted,

10  DATED: October __4__, 2007          LAW OFFICE OF FREDERICK C. ROESTI

11

12                                                        By: _____
                                                                FREDERICK C. ROESTI
13

14                                                        Attorneys for Plaintiff
                                                                EDWARD E. ANDERSON
15

16  DATED: October _____, 2007          LITTLER MENDELSON
                                                                A Professional Corporation
17

18                                                        By: _____
                                                                KENNETH R. O'BRIEN
19                                                          DENISE M. VISCONTI

20                                                        Attorneys for Defendant
                                                                AMERICAN AIRLINES, INC.
21

22

23

24

25

26

27

28