1  KENNETH R. O'BRIEN, Bar No. 072128
   E-mail: kobrien@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA 95833.4227
4  Telephone:   916.830.7200
   Facsimile:   916.561.0828
5
   DENISE M. VISCONTI, Bar No. 214168
6  E-mail: dvisconti@littler.com
   LITTLER MENDELSON
7  A Professional Corporation
   501 W. Broadway, Suite 900
8  San Diego, CA 92101.3577
   Telephone   619.232.0441
9  Facsimile:   619.232.4302

10 Attorneys for Defendant
   AMERICAN AIRLINES, INC.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15 EDWARD E. ANDERSON,              Case No.  07-cv-3527 WHA

16              Plaintiff,          DECLARATION OF JOCELYN JAVIER
                                    IN SUPPORT OF DEFENDANT'S
17     v.                           MOTION FOR SUMMARY JUDGMENT
                                    AND/OR SUMMARY ADJUDICATION OF
18 AMR The parent of AMERICAN       CLAIMS AND OR JUDGMENT ON THE
   AIRLINES INC, AMERICAN AIRLINES, PLEADINGS
19 and DOES 1 through 5 INCLUSIVE,
                                    Date:       May 29, 2008
20              Defendants.         Time:       8:00 a.m.
                                    Courtroom:  9
21

22     I, JOCELYN JAVIER, hereby declare:

23     1     I currently am employed by American Airlines, Inc. (hereinafter "American") as

24 Customer Service Manager Passenger Services at San Francisco International Airport in San

25 Francisco, California ("SFO"), a position I have held since July 2000. For a short time, between

26 September 2007 and April 12, 2008, I served as Customer Services Manager Ramp Services at SFO

27 for American. I have personal knowledge of the information hereafter set forth. If called and sworn

28 as a witness, I could and would competently testify thereto.

2.    In my current capacity as Customer Services Manager Passenger Services at SFO, I am responsible for the daily operations of American's curbside baggage handling operations, including the skycaps employed by American who worked at SFO checking bags in at the curbside.

3.    One of the employees I am in charge of is Mr. Ed Anderson. In 2001, Mr. Ed Anderson came over from TWA to American as a skycap at SFO. At that time, Mr. Anderson was given a part-time shift of 8:00 to noon, five days a week.

4.    Mr. Anderson was assigned his own podium that he was required to use to create baggage tags for customers' luggage. His original podium eventually stopped functioning and he was assigned to use another podium. I believe this may have happened in the summer of 2007. The G2 skycaps were assigned a greater number of podiums because they comprised the majority of skycaps. American skycaps are instructed to use the podium to which they assigned so that American can keep track of the baggage tags they process on a daily basis. Podium assignments are not and never were made to Mr. Anderson or any one else because of the race or age of the skycap. Every skycap at SFO had a similar machine assigned to them. All of these podiums occasionally would have problems or go down, requiring a call to the software desk to get someone to service them. Whenever Mr. Anderson notified me that his machine was down, I called the software desk as quickly as possible to ensure that Mr. Anderson's machine was fixed. I also provided Mr. Anderson with the telephone number for the software desk so that he could contact it directly if his machine went down while I was not available in order to ensure his machine was fixed promptly. This is the same procedure that G2 skycaps follow when the machines they are using have problems. Repair service calls are not, and never have been made, based on the age or race of the skycap whose machine needed repairs.

5.    There are two locations where the skycaps who work at American's curbside set up their bag tagging machine podiums. One location is at the eastern end of the curb, near the beginning of American's operations at SFO, and the other location is at the western end of American's operations. Mr. Anderson has worked at that second position the entire time he has been a skycap with American.

///

LITTLER MENDELSON

FIRMWIDE:84913129.3 009001.1303

2.

07-cv-3527 WHA

DECLARATION OF JOCELYN XAVIER ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

6.    In August 2005, all skycaps were required to begin collecting $2.00 per bag for curbside check-in luggage. Skycaps continued to solicit and receive tips as well. This new program was not limited to Mr. Anderson, as all skycaps working for American were required to collect this $2.00 fee.

7.    I reviewed Mr. Anderson's payroll records and, based upon my review of those records, I determined that his current rate of pay is $11.88 per hour.

8.    I have never scheduled Mr. Anderson to work particular hours or assigned him to work at a particular location or use a particular podium or machine based upon his race or his age or because he made a complaint to someone at American. At all times while I was his supervisor, I have treated Mr. Anderson the same as any other employee of American.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 24th day of April, 2008 at San Francisco, California.


Jocelyn Javier