1  Frederick C. Roesti, SB #77932
   Law Office of Frederick C. Roesti
2  1095 Market Street #419
   San Francisco, CA 94103
3  Tel 415-552-3733
   Fax 415-552-3733
4  E-mail: frederickcroesti@aol.com
   Attorney for Plaintiff
5  Edward E. Anderson



6

7

8              IN THE UNITED STATE DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO-BRANCH

11  EDWARD E. ANDERSON,               )   Case No. 07-03527WHA
                                      )
12       Plaintiff,                   )   NOTICE OF MOTION AND MOTION TO
                                      )   ALLOW PLAINTIFF TO FILE FIRST
13       v.                           )   AMENDMENT COMPLAINT.
                                      )   MEMORANDUM OF POINTS AND
14  AMR The parent of AMERICAN        )   AUTHORITIES; DECLARATION OF
    AIRLINES INC. AMERICAN AIRLINES   )   FREDERICK C. ROESTI;
15  and Does 1 through 5, inclusive,  )
                                      )
16       Defendants                   )   Date:   May 29, 2008
                                      )   Time:   8:00 a.m.
17                                    )   Court:  9
                                      )
18                                    )   Honorable William Alsup
                                      )
19                                    )
                                      )
20  _____)

21

22       TO ALL PARTIES AND THEIR AND ATTORNEYS OF RECORD:

23                        **NOTICE OF MOTION**

24       NOTICE IS HEREBY GIVEN that on May 29, 2008, Plaintiff will move and hereby

25  does move in Courtroom 9 of the above entitled court,  at 8:00 a.m. or as soon thereafter as it

26  can be heard before by the honorable William Alsup, presiding, for leave to file a First

27  Case No. 07-03527 WHA
    Notice of Motion and Motion for
28  Leave to File First Amended Complaint   1

Amended Complaint pursuant to Federal Rules of Court Rule 15(b). A true copy of the First Amended Complaint that Plaintiff Edward Anderson will file in this matter, upon leave of this court, is attached as Exhibit "A" to this motion.

This motion is scheduled for hearing in a timely fashion at the same time as Defendant's Motion for Summary Judgment on May 29, 2008.

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Edward E. Anderson, Plaintiff, moves the court for leave to file the First amended complaint, in this action a copy of which is attached to this motion as Exhibit "A".  Plaintiff filed the original complaint in this matter in pro per. Plaintiff has engaged counsel to represent his interest. Defendants removed the case to Federal Court on the grounds of diversity  Some new facts have been obtained since the matter was originally filed, including additional information that Plaintiff's Counsel obtained from counsel representing sky caps out of Logan Airport, Boston, Massachusetts in another action involving American Airlines, the defendant in this action. However, requested amendment does not prejudice Defendants in any way.

This motion is based on the pleadings and papers on file in this action, this motion, the Notice of Motion. The proposed First Amended Complaint, attached to this motion as Exhibit "A," the accompanying memorandum of points and authorities,  the affidavit of Frederick C. Roesti, and additional evidence and arguments to be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. Introduction

Plaintiff files this memorandum of points and authorities in support of the motion to amend the complaint pursuant to Rule 15 (d) of the Federal Rules of Civil Procedure to add a statutory claim against defendants, alleging violation of California Labor Code Section 351,

1   that monies collected as gratuities must be paid to the employees, including service charges,
2   such as a two dollar per bag charge.

3       As shown in the accompanying affidavit of Frederick C. Roesti, dated May 9, 2008,
4   the new statutory cause of action arises out of the same facts as the claims contained in the
5   original complaint. The new statutory cause of action states a meritorious claim for relief, and
6   will not delay the trial in this matter or prejudice the defendants. The additional cause of
7   action clarifies the causes of action already pleaded in this case, and therefore would not cause
8   defendant undue prejudice.

9       B. Factual Background

10      Plaintiff filed the original complaint in Pro per. The pro per complaint alleged that on
11  or about August 15, 3005, Defendants had instituted new practices in the handling of bags that
12  included a two dollar per bag charge paid to Defendants, where previously when sky caps
13  helped a passenger with bags, the sky caps usually received tips from the passengers directly
14  and there was no two dollar per bag charge paid to Defendants. The pro per complaint alleged
15  that as one effect of the new system, Defendant was assigned to a specific location in an area
16  with less access by passengers, with less desirable hours, and was not allowed to work in more
17  desirable locations, all of which was calculated to force Plaintiff, an African American, age
18  73, to quit, and alleged that plaintiff's age and race were factors in Defendant's actions against
19  Plaintiff.

20      As a result, the original complaint included causes of action for Violation of the
21  California Fair Employment and House Act. California Government Code Sections 12940 et
22  sequitur, including age and race discrimination, retaliation for asserting protected rights, and
23  harassment; Intentional Infliction of Emotional Distress; and Negligent Infliction of Emotional
24  Distress, and sought damages, including punitive damages, and injunctive relief.

25      Defendants removed the case to Federal Courts on grounds of diversity and filed an
26  answer. Plaintiff is now represented by counsel. Plaintiff's Counsel has determined that the
27  Case No. 07-03527 WHA
    Notice of Motion and Motion for
28  Leave to File First Amended Complaint   3

1   original complaint in this matter should be amended to include an additional cause of action to

2   allege violation of California Labor Code Section 352 regarding the two dollar per bag service

3   charge, and to make minor changes to clean up the allegations stated in the original complaint.

4   The additional cause of action does not change the facts that are required to be

5   presented in this matter, and seeks to amend the complaint to conform to the new information

6   that has been developed during the discovery phase of this matter. Nothing in the amended

7   complaint will prejudice Defendants at this stage of this case. Furthermore, this amendment

8   would not prejudice Defendant's if it was not requested until the time of trial.

9   C. Argument

10   THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND
     THE COMPLAINT TO ASSERT AN ADDITIONAL CLAIM
11

12   Federal Rules of Civil Procedure, Rule 15 (d) of the Federal Rules of Civil Procedure

13   sets forth a liberal standard for the amendment of pleadings. In the present case, Plaintiff and

14   Defendants are still in the discovery phase of this case, although Defendant has filed a

15   motion for summary judgment. The new cause of action adds the violation of a state statute,

16   California Labor Code Section 351, but the facts alleged in the complaint are not changed or

17   expanded by adding the violation of California Labor Code Section 351. The United State

18   Supreme Court stated in Foman v. Davis (1962) 371 U.S. 178 83 S.CT 227, ruled that a

19   motion to amend a complaint should be granted unless the opposing party can show

20   substantial prejudice. Rule 15 allowing amendment requires a liberal interpretation in favor of

21   amendment.,. The Ninth Circuit Court of Appeals has been in the forefront of interpreting

22   Rule 15 in a liberal manner that favors amendment.     In Filmtec v. Hydranautics (1995) 67

23   F3rd 931, the Ninth Circuit stated the only reason for a denial of a motion to amend must be

24   one of the following reasons;

25   (1) the party seeking the amendment is presented in bad faith;

26   (2) The reason for the amendment is to prejudice the other party;

27   Case No. 07-03527 WHA
     Notice of Motion and Motion for
28   Leave to File First Amended Complaint   4

1    (3) The amendment is attempted to delay the proceedings; and

2    (4) The amendment would not save a defective complaint.

3
      In the present case the proposed amendment would not violate any of the four reasons
4
     state in the above list. Plaintiff' Counsel has determined that the original complaint filed by
5
     the Plaintiff in Pro per should have included another cause of action, that provides the
6
7    statutory remedy against defendants for violation of California Labor Code Section 3511.

8    The motion is made in a timely manner to be heard with Defendants' motion for summary

9    judgment, and is brought in good faith. It does not require any additional facts that were not

10   already crucial to the outcome in the original complaint. It does not delay the proceedings in

11   any way.

12        D.  Conclusion

13        For all the above reasons, Plaintiff requests that this Court allow Plaintiff to

14   file the First Amended Complaint attached to this pleading.

15                                              Respectfully submitted,

16                                              *Frederick C. Roesti /s/*

17
                                                Frederick C. Roesti Esq.
18

19

20

21

22

23

24

25

26

27   Case No. 07-03527 WHA
     Notice of Motion and Motion for
28   Leave to File First Amended Complaint  5

1       **PROOF OF SERVICE BY FAX AND MAIL**

2       I, the undersigned declare:

3       I am over the age of eighteen. I am not related to the parties in this action. I may be

4       reached at the Law Office of Frederick C. Roesti, 1095 Market Street, San Francisco, CA

5       994103, Tel (415) 552-3733.

6       I served the the following documents:

7       NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
        FIRST AMENDED COMPLAINT, went
8       PROPOSED FIRST AMENDED COMPLAINT as Exhibit,"
        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; \
9       DECLARATION OF FREDERICK C. ROESTI

10      By FAX and by MAIL as follows: I faxed the documents to the following fax number

11      and I mailed documents by placing them in an envelope with postage paid and placed in the

12      United States Mail addressed to:

13          Fax (916) 561-0828
            Kenneth R. O"Brien, Esq,
14          Littler Mendelson
            2520 Ventura Oaks Way, Suite 390
15          Sacramento, CA 95833-4227
            San Diego, CA 92101-3577
16

17      on the date listed below.

18      I have read the above statement and declare under penalty of perjury under the laws of

19      the State of California that it is true and correct and was executed in San Francisco, California

20      on May 13, 2007

21                                      Frederick C. Roesti

22

23

24

25

26

27      Case No. 07-03527 WHA
        Notice of Motion and Motion for
28      Leave to File First Amended Complaint   6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                    **EXHIBIT "A"**

26

27    Case No. 07-03527 WHA
      Notice of Motion and Motion for
28    Leave to File First Amended Complaint   1

1

2  Law Office of Frederick C. Roesti
   1095 Market Street #419
3  San Francisco, CA 94103
   Tel 415-552-3733
4  Fax 415-552-3733
   E-mail: frederickcroesti@aol.com
5  Attorney for Plaintiff
6  Edward E. Anderson

7

8                    IN THE UNITED STATE DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO-BRANCH

11  EDWARD E. ANDERSON,              )  Case No. 07-03527WHA
                                     )
12       Plaintiff,                  )  FIRST AMENDED COMPLAINT
                                     )
13       v.                          )  JURY DEMANDED
                                     )
14  AMR The parent of AMERICAN       )
    AIRLINES INC. AMERICAN AIRLINES  )
15  and Does 1 through 5, inclusive, )
                                     )
16       Defendants                  )
                                     )
17                                   )
                                     )
18                                   )
                                     )
19  _____    )

20                              I. PARTIES

21       1. Plaintiff EDWARD E. ANDERSON, an individual, is employed as a skycap by

22  Defendants at the San Francisco Airport.

23       2. Defendant are AMR the parent of AMERCIAN AIRLINES Inc., and AMERICAN

24  AIRLINES, hereinafter sometimes referred to as AMR. AMR operates an international

25  airline.

26

27       Case No. 07-03527 WHA

28       First Amended Complaint              1

## II. JURISDICTION

3. This action was filed in Superior Court in the City of County of San Francisco, California. It was removed by Defendants to Federal Court on grounds that the Federal Court has jurisdiction under 28 U.S.C. Section 1332(a)(2) due to diversity in that it is a civil action between citizens of two different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. STATEMENT OF FACTS

4. San Francisco International Airport is one of the location served by AMR. In 1976 Plaintiff Edward E. Anderson was a skycap working as an employee of TWA. The employees of TWA went to work for AMR after its purchase of TWA. As part of the purchase agreement AMR was required to continue the employment of TWA employees, and AMR suffered court sanctions in a prior law suit as a result of their treatment of former TWA employees.

5. AMR had partially outsourced the job of skycap prior to Mr. Anderson joining AMR.

6. Skycaps have traditionally received a major portion of their compensation from tips given to them by airlines passengers.

7. On or about August 15, 2005, the Defendants instituted new practices in the way bags were to be checked. The new policy required the passengers pay a $2.00 per bag serviced charge.

8. The proceeds of this charge are not paid to the skycaps. The charged is paid to AMR in the case of Mr. Anderson. In the case of the outside contractors Plaintiff believes that the bag charge is paid to said contractors.

9. As a result of this $2.00 per bag service charge Mr. Anderson's compensation has

Case No. 07-03527 WHA
First Amended Complaint                2

decreased dramatically, as far fewer passengers will give voluntary tips in addition to paying this charge.

10. Initially many passengers were not aware that the $2.00 per bag service charge was not a tip going to the skycaps.

11. Under California Labor Code Section 352, gratuities to employees belong to employees and not the employer. Since AMR adopted the two dollar service charge per bag policy, AMR has received the two dollar service charge per bag, that should have been part of the compensation to skycaps, for its own enrichment.

12. In addition to the new policy regarding a new charge the defendant made a decision to assign Mr. Anderson to a specific location. This change directly affected Mr. Anderson. The location of a skycap is important to determine how many travelers would pass by a station, and use his services and pay him tips.

13. Despite the fact that Mr. Anderson was now the only remaining employee of AMR after the purchase of TWA, and seniority over all remaining sky caps in August, 2005, Mr. Anderson was assigned to the worst location. As a result of location where Mr. Anderson was assigned by AMR, AMR wanted to further reduce Mr. Anderson's income in an attempt to induce Mr. Anderson, an African American, then 73 years old, to quit.

14. In addition to requiring Mr. Anderson to stay in one location despite the fact that most of the passengers were at the other location, Mr. Anderson was also required to use only one of the ticket machines that was required to check bags. This meant that when his machine was not working he could not check bags; this was not true of the skycaps. In fact there were occasions when parts were taken from his machine so that other machines would be functional.

Case No. 07-03527 WHA
First Amended Complaint

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff has attached a copy of the right to sue letter issued by the California department of employment discrimination, a copy of which was attached as exhibit "A" to this the original complaint, and incorporated herein by reference.

## V. FIRST CAUSE OF ACTION

(Injunctive relief and damages)

16. Plaintiff incorporates herein by reference all of the allegations in paragraphs 1-15, as though fully set forth herein.

17. The Defendants and their supervisory employees have embarked on a course of conduct to remove Plaintiff from employment at AMR. As part of defendant's plan to replace Mr. Anderson, he was not given the best time slots or the proper length of shifts despite his seniority. Both of these actions caused Mr. Anderson's income to suffer. Mr. Anderson was given only four hour shifts, despite the fact that he had been working six hour shifts, and other American Airline employees worked six hour shifts.. Further Mr. Anderson unlike other skycaps was assigned permanently to a less desirable location. Mr. Anderson was the only one not allowed to move to other sites. Plaintiff, a seventy-three year old black man, alleges that the actions of Defendants were calculated to force Plaintiff to quit, and that Plaintiff's age and race are factors in the actions take against Mr. Anderson.

18. Plaintiff filed a claim with the California Department of Fair Employment and Housing and received a right to sue letter under the California Fair Employment and Housing Act, California Government Code Section 12965 et seq., a copy of which letter was attached as Exhibit "A" to the original complaint and is incorporated by reference.

19. Plaintiff has no adequate remedy at law, and therefore, requests this court enjoin Defendants from its discriminatory conduct Plaintiff. In addition to this injunction, plaintiff

Case No. 07-03527 WHA
First Amended Complaint

4

1    request damages in accordance with proof but not less than $25,000.

2        WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set

3    forth.

4

5                        VI SECOND CAUSE OF ACTION

6            (Violation of California Fair Employment and Housing Act)

7        20. Plaintiff incorporates herein by reference all of the allegations in paragraph 1 -15 and

8    paragraphs 17-18, as though fully set forth herein.

9        21. The California Fair Employment and Housing Act at California Government Code

10   Section 12940 et seq. requires defendants to treat employees fairly with regard to their

11   employment. It prohibits discrimination against employees on the basis of race and age and in

12   violation of their civil rights. Plaintiff, a 73-year-old black man, was treated unfairly by

13   giving him less desirable hours, location, and assignments, as alleged above. Plaintiff alleges

14   that defendant took actions alleged in this matter to retaliate against Plaintiff who spoke up for

15   himself and for other, and thereby to force plaintiff to quit. Defendant's actions caused a

16   reduction in Plaintiff's income. Plaintiff has been forced to take this action to protect his

17   rights. The California Fair Employment and Housing Act at California Government Code

18   Section 12965(b), provides for plaintiff to recover attorney fees if forced to sue under these

19

20   circumstances.

21       22. As a result of Defendants' actions, Plaintiff has been damaged in an amount that

22   will be requested in accordance with proof. In addition to the damages listed herein, and

23   prayed for below, Plaintiff is also entitled to attorney fees.

24       WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

25

26

27

28       Case No. 07-03527 WHA
         First Amended Complaint

1

## VII THIRD CAUSE OF ACTION

2

(Negligence Infliction of Emotional Distress)

3

4      23. Plaintiff incorporates herein by reference all of the allegations in paragraph 1 -15,

5      paragraphs 17-18, and paragraph 21, as though fully set forth herein.

6      24. Defendants knew or should have known discriminating against Plaintiff by

7      treating him in a manner not consistent with the treatment of other skycaps would cause the

8      Plaintiff severe emotional distress. The treatment of Plaintiff was calculated to harass

9      Plaintiff in a way to force him to quit, and undermined Mr. Anderson's self esteem.

10     25. As a proximate result of the actions of Defendants, Plaintiff has suffered and continues

11     to suffer humiliation, anxiety, and severe emotional distress in a sum to be determine by this

12     court but in the about of not less that $50,000.00.

13          WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

14          ## VIII FOURTH CAUSE OF ACTION

15          (Intentional infliction of Emotional Distress)

16
       26. Plaintiff incorporates herein by reference all of the allegations in paragraph 1 -15, and
17
       paragraphs 17-18, and paragraphs 21 and 24, as though fully set forth herein.
18

19     27. Defendants' actions constitute harassment which was calculated to force Plaintiff to

20     quit. Such action has caused Plaintiff to suffer emotional distress. Defendants have engaged

21     in extreme and outrageous conduct with either the deliberate intent to cause and or with

22     reckless distress for the likelihood of its causing severe emotional distress to Plaintiff.

23     28. Said conduct, in fact, proximately caused plaintiff severe emotional distress leading to

24     his damages as herein alleged.

25     29. Plaintiff alleges that the acts described herein, including, but not limited to cutting

26     plaintiff shifts, giving him less desirable locations, and allowing other employees who have

27
       Case No. 07-03527 WHA
28     First Amended Complaint

less seniority than Plaintiff to have more desirable location and working conditions were done maliciously and intentionally with conscious disregard of Mr. Anderson's rights and therefore he should be entitled to exemplary damages in the sum of no less than $50,000.00, in the amount determined at trial.

WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

## IX FIFTH CAUSE OF ACTION

(Violation of California Labor Code Section 351)

30. Plaintiff incorporates herein by reference all of the allegations in paragraph 1 -15, and paragraphs 17-18, and paragraphs 21 and 24, and 27-18 as though fully set forth herein.

31. The California Labor Code Section 351 prohibits employers and their agents from sharing or keeping any portion of a gratuity left for or given to one or more employees by a patron.

32. Since on or about August 15, 2005, when AMR adopted the two dollar per bag charge, AMR has continued to charged patrons a two dollar per bag service charge, and has not returned the funds collected for the service charge, or any portion thereof, to Plaintiff. Instead, AMR has retained said funds for its own benefit. Once this practice started, this practice, in iteself, caused Plaintiff's tip income fell dramatically.   When Plaintiff put up a sign that AMR was keeping these funds in an effort to reduce his losses, AMR or one of its agents, took the sign down. As a result, Plaintiff lost a substantial amount of income because of this action of Defendant. Subsequently, AMR erected its own sign stating that skycaps received no part of the two dollar bag chage, but this sign has not restored the level of gratuities that existed prior to the two  dollar tip policy.

33. The AMR two dollar service charge per bag violates Labor Section 351, among other things, because it diverts gratuities for skycap services to Defendants. Therefore, as a

Case No. 07-03527 WHA
First Amended Complaint

1
2
3
4

proximate result of said violation, Plaintiff is entitled to receive the amount of funds collected by AMR with interest for each piece of luggage Mr. Anderson has handled since the August 15, 2005 policy was put in place, and has continued to handle through trial.

5

WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

6

## X. PRAYER FOR RELIEF

7

WHEREFORE, Plaintiff prays judgment as follows:

8
9
10
11
12

1. For an order-requiring defendant to cease and desist from continuing the conduct calculated to discriminate against plaintiff, and to prohibit Defendants from placing Plaintiff at a location with less traffic flow than other locations, and with baggage machines that are not in full working condition, and that further prohibits Defendants from denying Plaintiff the selection of shifts and working hours in accordance with his seniority requires.

13
14
15
16

2. For pecuniary damages that occurred because of his loss of earning by AMR violating the California Labor Code Section1 351, with interest, and for nonpecuniary damages for emotional distress.

17
18
19
20
21

3. For damages due to violation of the Fair Employment and Housing Law, including damages for age and race discrimination, civil rights violations, retaliation, and harassment, including, but not limited, to pecuniary damages from limiting Plaintiff to working four hour shifts instead of six hour shifts, and from placing Plaintiff in a substandard location with substandard equipment, and nonpecuniary damages for emotional distress.

22
23

4. For damages due to negligent infliction of emotional distress, including pecuniary damages for economic loss and nonpecunioary damage for emotional distress.

24
25

5. For damages due to intentional infliction of emotional distress, including pecuniary damages for economic loss and nonpecuniary damages for emotional distress.

26

6. For punitive damages in an amount not less than $50,000, or the amount

27
28

Case No. 07-03527 WHA
First Amended Complaint

ℨ

1  determined at trial.

2      7. For an award of attorney fees,

3

4      8. For cost of suit, and

5      9. For such other relief that seems just and property.

6  Dated: May 9, 2008                          Respectfully submitted,

7                                              *Frederick C. Roesti /s/*

8                                              Frederick C. Roesti Esq.

9

10                          VERIFICATION

11      I, Edward Anderson, have read the allegations of the First Amended Complaint and

12  declare under penalty of perjury under the laws of the State of California that they are true and

13  correct to the best of my knowledge. I executed this Verification in San Francisco, California.

14                          *Edward E. Anderson /s/*

15  May 9, 2008                     Edward E. Anderson

16

17

18

19

20

21

22

23

24

25

26

27      Case No. 07-03527 WHA

28      First Amended Complaint