1  Law Office of Frederick C. Roesti
   1095 Market Street #419
2  San Francisco, CA 94103
   Tel 415-552-3733
3  Fax 415-552-3733
   E-mail: frederickcroesti@aol.com
4  Attorney for Plaintiff
   Edward E. Anderson
5

FILED
MAY 13 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-BRANCH

| EDWARD E. ANDERSON, | ) Case No. 07-03527WHA |
|---|---|
| Plaintiff, | ) AFFIDAVIT OF FREDERICK C. ROESTI IN ) SUPPORT OF |
| v. | ) MOTION FOR LEAVE TO FILE ) FIRST AMENDED COMPLAINT |
| AMR The parent of AMERICAN AIRLINES INC. AMERICAN AIRLINES and Does 1 through 5, inclusive, | ) Date: May 29, 2008 ) Time: 8:30 a.m. ) Court: 9 |
| Defendants | ) Honorable William Alsup |

I, Frederick C. Roesti, affirm:

1. I am an attorney admitted to practice before this court and the courts of the State of California. I affirm under penalty of perjury that all of the following is true and correct of my personal knowledge, and that I called as a witness in this matter, I could and would competently testify as to each of the following facts set forth below:

2. This affidavit is submitted in support of the Motion to Amend the Complaint filed

Case No. 07-03527 WHA
Declaration of Frederick C. Roesti
in Support of Motion for leave to
Filed First Amended Complaint          1

on May 9, 2008, to which this affidavit is attached. Said motion is timely filed so that it will be heard at the same as the Summary Judgment motion filed by Defendants.

3. The original complaint in this matter was filed in pro per by Plaintiff Edward E. Anderson in superior court of the State of California.

4. Defendants removed this case to federal under diversity jurisdiction, claiming that Defendants AMR and American Airlines were citizens of Florida, where the bulk of their operation is located.

5. I substituted in for plaintiff, and we requested Early Neutral Evaluation to determine if the parties could reach a settlement in good faith, after Defendants had an opportunity to take the deposition of Plaintiff Anderson, but before Plaintiff commenced discovery.

6. On about October 25, 2007, Plaintiff's counsel was notified of the appointment of the Early Neutral Evaluator, Attorney John Beers. The deposition of Plaintiff Anderson was taken on or about January 8, 2008. The first Early Neutral Evaluation session commenced on or about January 9, 2008, and adjourned to be continued for a second mediation session. However, when the second session on April 15, 2008, ended shortly after it convened with no resolution.

7. During this period of time, Plaintiff and I communicated with attorneys in Boston, Massachusetts who were representing skycaps in a class action suit regarding the legality of the two dollar baggage fee. At the time, it looked like Plaintiff might be a member of the class in the Massachusetts case. At the time of the second Early Neutral Evaluation session, Plaintiff and I learned that the Federal Court in the Massachusetts case had declined to certify a class. Therefore, Plaintiff was excluded from the class in the Massachusetts case.

Case No. 07-03527 WHA
Declaration of Frederick C. Roesti
in Support of Motion for leave to
Filed First Amended Complaint         2

8. During this same period of time, on or about April 15, 2008, I learned that the Federal District in the Massachusetts case, while declining to certify the class, had ruled that the American Airlines two dollar per baggage service charge in Boston, Massachusetts was in violation of the Massachusetts' Commonwealth Law governing gratuities.

9. After April 15, 2008, I then conducted my own research and investigation and determined that California Labor Code Section 351 provided a comparable California State Cause of Action regarding the two dollar per baggage service charge by Defendant American Airlines at the San Francisco International Airport with regard to Plaintiff Edward E. Anderson.

10. The requested leave to amend the complaint to include a Cause of Action for violation of Labor Code Section 351 does not prejudice Defendant American Airlines in any way because the original complaint, while not pleading a violation of Labor Code Section 351, included factual allegations regarding Defendant's two dollar per bag service fee and the manner in which it was implemented, and alleged tortious causes of action for negligent and intentional infliction of emotional distress, as well as allegations of retaliation, harassment, age and race and civil rights discrimination under the California Fair Employment and Housing Act. So, Defendants have made aware at all times of the factual issues surrounding two dollar baggage charge, and its alleged violation of California Labor Code Section 351.

11. The requested leave to amend the complaint is timely filed to be heard at the same time as Defendants' motion for summary judgment on May 29, 2008.

12. The requested leave to amend the complaint is filed in good faith because the factual allegations in the original complaint, and as investigated, support the filing of an amended complaint to allege violation of Labor Code Section 351.

Case No. 07-03527 WHA
Declaration of Frederick C. Roesti
in Support of Motion for leave to
Filed First Amended Complaint

13. The requested leave to amend the complaint is also timely filed in good faith because discovery was delayed by Plaintiff –and Plaintiff believed in good faith there was an understanding of the parties to limit discovery to Plaintiff's production of documents to Defendants and the taking of Plaintiff's deposition by Defendants --while the Early Neutral Evaluation process attempted to settle the case. After the first Early Neutral Evaluation Session, when the focus was to be on damages, Defendants refused to respond to informal and formal requests to produce documents, so that Plaintiff will need to file a motion to extend the discovery deadlines in light of protracted Early Neutral Evaluation process from January 9, 2008 to April 15, 2008, and is the process of that. However, Plaintiff at his deposition was questioned about the two dollar per baggage charge, and in response to Defendants' discovery requests, Plaintiff produced all of his documentation regarding the baggage he had handled for American Airlines under its two dollar per baggage service fee policy.

14. I am a sole practitioner, who has practiced employment discrimination and labor law for some thirty years. I have represented Plaintiff in other employment and personal injury cases. When Plaintiff first came to me about this case, my calendar was full with other matters. However, when Defendants removed Plaintiff's case to federal court, I reviewed my calendar and made room to handle this case with anticipation that the Early Neutral Evaluation process would be successful, given the documentation that Plaintiff provided to me and to Defendants. When the Early Neutral Evaluation was not successful, and I had obtained additional information about the Massachusetts case involving the same two dollar baggage fee policy, I made the decision to request the court for leave to amend the complaint.

I have read the above affidavit and affirm under penalty of perjury under the laws of the State of California and the laws of the United States of America, that it is true and correct

Case No. 07-03527 WHA
Declaration of Frederick C. Roesti
in Support of Motion for leave to
Filed First Amended Complaint

and that I have executed this Declaration on May 9, 2009 in San Francisco, California.

*Frederick C. Roesti /s/*

Frederick C. Roesti

Case No. 07-03527 WHA
Declaration of Frederick C. Roesti
in Support of Motion for leave to
Filed First Amended Complaint