1  KENNETH R. O'BRIEN, Bar No. 072128
   E-mail: kobrien@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA 95833.4227
4  Telephone:   916.830.7200
   Facsimile:    916.561.0828
5
   Attorneys for Defendant
6  AMERICAN AIRLINES, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 | EDWARD E. ANDERSON,            | Case No. 07-cv-3527 WHA
12 |            Plaintiff,           | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION OF CLAIMS AND OR JUDGMENT ON THE PLEADINGS**
13 |       v.                        |
14 | AMR The parent of AMERICAN AIRLINES INC, AMERICAN AIRLINES, and DOES 1 through 5 INCLUSIVE, |
15 |                                 |
16 |            Defendants.          | Date:   May 29, 2008
                                      | Time:   8:00 a.m.
17 |                                 | Ctrm:   9
                                      | Judge:  William Alsup

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.561.5300

REPLY MPA ISO MOTION FOR SUMMARY JUDGMENT
FIRMWIDE:85170964.1 009001.1303                                    07-cv-3527 WHA

Defendant American Airlines, Inc. ("American") has moved for judgment on the pleadings and/or, in the alternative, summary judgment and/or summary adjudication of claims brought by Plaintiff Edward E. Anderson ("Plaintiff"). American's motion is premised on the fact that the many of the acts of which he complains were discrete acts that occurred far outside the limitations period, rendering Plaintiff's claims time-barred as to such acts, and as to all of the acts about which he complains because Plaintiff lacks any evidence whatsoever that the alleged adverse actions of which he complains were taken against him for unlawful reasons.

Inasmuch as no opposition papers to American's motion have been served on American's counsel or submitted to this Court, Plaintiff has failed to file any opposition to American's Motion for Judgment On The Pleadings and/or, In The Alternative, Summary Judgment and/or Summary Adjudication or otherwise presented to this Court any response that sets out specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e)(2). Where, as here, Plaintiff will bear the burden of proof at trial on the issues raised by American's motion, Rule 56(e) required him to go beyond his pleadings and, by either affidavit(s), depositions, or answers to discovery on file, demonstrate which specific material facts are in dispute so as to warrant a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986); *Federal Ins. Co. v. Burlington Northern & Santa Fe Ry. Co.*, 270 F.Supp.2d 1183, 1185 (C.D. Cal. 2003). Plaintiff's failure to meet his burden in response to American's motion requires that judgment on the four causes of action raised in Plaintiff's Complaint, upon each of which American sought judgment on the pleadings and/or, in the alternative, summary judgment and/or summary adjudication, be entered by this Court. As discussed in the following portions of this Reply Memorandum, Plaintiff's counsel was fully aware that Defendant had filed its motion in a timely and proper fashion.

Even though Plaintiff has failed to file any opposition or statement of non-opposition to the instant motion, Plaintiff improperly filed with the Court a "Notice of Motion and Motion to Allow Plaintiff to File First Amendment [sic] Complaint," which purports to schedule a hearing on the same date as the hearing on Defendant's Motion. Plaintiff's Motion appears to have been filed by hand on May 13, 2008, and was faxed by Plaintiff's counsel to the undersigned on said date, but then

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.561.5300

REPLY MPA ISO MOTION FOR SUMMARY JUDGMENT
FIRMWIDE:85170964.1 009001.1303

07-cv-3527 WHA

1  was apparently electronically filed on May 14, 2008. (Docket # 33).[1] As an initial matter, this
2  improper motion acknowledges that Defendant's Motion is pending and that Plaintiff is aware of it.
3  His motion makes the statement that "this motion is scheduled for hearing in a timely fashion at the
4  same time as Defendant's Motion for Summary Judgment on May 29, 2008." (Pl. Motion, Doc.
5  # 33, 2:5-6). Plaintiff's motion further states that "the motion is made in a timely manner to be
6  heard with Defendants' [sic] motion for summary judgment..." (Pl. Motion, Doc. # 33, 5:8-9). In
7  addition, Plaintiff's counsel's declaration in support of his improper motion makes the same
8  acknowledgement that he is aware of the Defendant's pending motion. (Affidavit of Frederick C.
9  Roesti in Support of Motion, Doc. # 34, ¶ 11).[2]

10      The Court should deny Plaintiff's new motion out of hand because it is in violation of every
11  deadline imposed by this Court and by Local Rules, as set forth hereafter. However, if the Court
12  declines to do so, it should give American its full right to brief and oppose this untimely and
13  improper motion to show that it is: (1) based on a false premise, (2) would greatly expand the factual
14  and legal issues to be tried, (3) prejudice Defendant, and (4) delay the trial herein.

15      With that alternative request made, Defendant notes that when the parties filed their *Joint*
16  *Statement Pursuant to Federal Rules of Civil Procedure 26(f)* (Doc. # 13), both sides stated they did
17  not believe any amendments to the pleading would be made. (Doc. # 13, 4:1-2). When the Court
18  issued its Case Management Conference Order herein, Doc. # 16, the Court ordered that any leave to
19  amend the pleadings must be sought by October 31, 2007. (Doc. # 16, ¶ 2). The Court's Case
20  Management Conference Order required all fact discovery to be completed by March 7, 2007. (Doc.
21  # 16, ¶ 4).[3] The Case Management Conference Order further required all dispositive motions to be

---

[1] Electronic notice of the filing of said document was emailed to counsel on May 14, 2008.

[2] Plaintiff's counsel faxed a letter to the undersigned's associate in a totally different office on May 13 asking for a copy of Defendant's motion to be faxed to him claiming to be "internet illiterate." Defendant did fax a copy of the moving papers to plaintiff's counsel but submits that counsel's request is a ruse. This matter has long been designated as an electronic filing case and counsel is registered with the court's electronic filing program. In addition, a review of the court's records on PACER shows that he has appeared in this court in 11 different matters as counsel of record, including one in which he also represented this Plaintiff (Anderson v. Ogden Aviation Svc. et. al, # 96-cv-00962-SI). He also states in his Affidavit that he has practiced employment law for 30 years. (Roesti Affidavit, Doc. # 34, ¶ 14). He is fully familiar with federal court practice, especially in this District.

[3] Plaintiff's motion makes the false statement that "in the present case, Plaintiff and Defendants are still in the discovery phase of the case, although Defendant has filed a motion for summary judgment." Thus, he again acknowledges awareness of the pendency of the instant motion *and* falsely states that the parties are still within the period to conduct discovery.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.561.5300

FIRMWIDE:85170964.1 009001.1303    2.    07-cv-3527 WHA

filed by April 24, 2008. (Doc. # 16, ¶ 9). The Local Rules of this Court also require any party seeking relief from the Court's Case Management Conference Order to first confer with opposing counsel concerning the desired change and file certain pleadings regarding these efforts. (Local Rule 16-2(d)). Plaintiff has done none of this. Nor has Plaintiff come remotely close to meeting the standard he must meet in order to obtain such relief from the Court's Case Management Conference Order. Once such scheduling order is made, no later amendment of pleadings is permitted unless the court first modifies the scheduling order to permit such amendment. To obtain such modification, "good cause" must be shown (see FRCP 16(b)(4)). *Johnson v. Mammoth Recreations, Inc.* 975 F2d 604, 609 (9th Cir. 1992); *Hargett v. Valley Fed'l Sav. Bank* 60 F3d 754, 761 (11th Cir. 1995)— "compelling reasons" why amendment could not have been presented earlier; *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA* 315 F3d 533, 536 (5th Cir. 2003)

Finally, Local Rule 7-2 requires all motions to be made on at least 35 days' notice, except under circumstances which do not pertain hereto. Plaintiff's motion, which was filed either on May 13 or May 14, 2008, clearly was not filed 35 days in advance of Plaintiff's intended motion hearing date of May 29, 2008. In a nutshell then, Plaintiff has violated every possible deadline and timing rule under which he needed to seek leave to amend his pleading from the Court.[4]

Accordingly, American respectfully requests that this Court grant its Motion for Judgment On The Pleadings and/or, In The Alternative, Summary Judgment and/or Summary Adjudication in its entirety.

Dated: May 15, 2008　　　　　　　　　　　　Respectfully submitted,

/s/Kenneth R. O'Brien
KENNETH R. O'BRIEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AMERICAN AIRLINES, INC.

---

[4] This Court's Case Management Conference Order clearly states that no delays in trial preparation or trial because of ADR will be countenanced. ( Doc. # 13, ¶ 13.)

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.561.5300

FIRMWIDE:85170964.1 009001.1303　　　3.　　　07-cv-3527 WHA