1  KENNETH R. O'BRIEN, Bar No. 072128
   E-mail: kobrien@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
4  Telephone:   916.830.7200
   Facsimile:    916.561.0828
5
   DENISE M. VISCONTI, Bar No. 214168
6  E-mail: dvisconti@littler.com
   LITTLER MENDELSON
7  A Professional Corporation
   501 W. Broadway, Suite 900
8  San Diego, CA  92101.3577
   Telephone:   619.232.0441
9  Facsimile:    619.232.4302

10 Attorneys for Defendant
   AMERICAN AIRLINES, INC.
11

12                        UNITED STATES DISTRICT COURT

13                       NORTHERN DISTRICT OF CALIFORNIA

14                            SAN FRANCISCO DIVISION

15 | EDWARD E. ANDERSON,              | Case No.  07-cv-3527 WHA
16 |                Plaintiff,         | **DEFENDANT AMERICAN AIRLINES, INC.'S INITIAL AND IMMEDIATE OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ALLOW PLAINTIFF TO FILE FIRST AMENDMENT [SIC] COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**
17 |       v.                          |
18 | AMR The parent of AMERICAN        |
   | AIRLINES INC, AMERICAN AIRLINES,  |
19 | and DOES 1 through 5 INCLUSIVE,   |
20 |                Defendants.        |
21                                      Date:        May 29, 2008
                                        Time:        8:00 A.M.
22                                      Courtroom:   9

23                                      Honorable:  William Alsup

FIRMWIDE:85225390.1 009001.1303                                07-cv-3527 WHA

DEFS INITIAL & IMMEDIATE OPP TO PLTF'S NTC OF MTN AND MOTION TO ALLOW PLTF TO FILE 1ST AMENDMENT COMPLT

1  As the Court is aware, Defendant American Airlines ("Defendant" or "American") has previously filed its Motion for Summary Judgment and/or Summary Adjudication of Claims and/or Judgment on the Pleadings which is set to be heard at the above-indicated time and place. Even though Plaintiff failed to file any opposition or statement of non-opposition to the instant motion, Plaintiff improperly filed with the Court a "Notice of Motion and Motion to Allow Plaintiff to File First Amendment [sic] Complaint," which purports to schedule a hearing on the same date as the hearing on Defendant's Motion. Plaintiff's Motion appears to have been filed by hand on May 13, 2008, and was faxed by Plaintiff's counsel to the undersigned on said date, but then was apparently electronically filed on May 14, 2008. (Docket # 33).[1] This opposition is filed immediately in order to preserve American's rights concerning this motion even though proper, timely notice was not given by Plaintiff as discussed below.

As an initial matter, this improper motion acknowledges that Defendant's Motion is pending and that Plaintiff is aware of it. His motion makes the statement that "this motion is scheduled for hearing in a timely fashion at the same time as Defendant's Motion for Summary Judgment on May 29, 2008." (Pl. Motion, Doc. # 33, 2:5-6). Plaintiff's motion further states that "the motion is made in a timely manner to be heard with Defendants' [sic] motion for summary judgment..." (Pl. Motion, Doc. # 33, 5:8-9). In addition, Plaintiff's counsel's declaration in support of his improper motion makes the same acknowledgement that he is aware of the Defendant's pending motion. (Affidavit of Frederick C. Roesti in Support of Motion, Doc. # 34, ¶ 11).[2]

The Court should deny Plaintiff's new motion out of hand because it is in violation of every deadline imposed by this Court and by Local Rules, as set forth hereafter. However, if the Court declines to do so, it should give American its full right to brief and oppose this untimely and improper motion to show that it is: (1) based on a false premise, (2) would greatly expand the factual

---

[1] Electronic notice of the filing of said document was emailed to counsel on May 14, 2008.

[2] Plaintiff's counsel faxed a letter to the undersigned's associate in a totally different office on May 13 asking for a copy of Defendant's motion to be faxed to him claiming to be "internet illiterate." Defendant did fax a copy of the moving papers to plaintiff's counsel but submits that counsel's request for a fax copy is a ruse. This matter has long been designated as an electronic filing case and counsel is registered with the court's electronic filing program. In addition, a review of the court's records on PACER shows that he has appeared in this court in 11 different matters as counsel of record, including one in which he also represented this Plaintiff (Anderson v. Ogden Aviation Svc. et. al, # 96-cv-00962-SI). He also states in his Affidavit that he has practiced employment law for 30 years. (Roesti Affidavit, Doc. # 34, ¶ 14). He is fully familiar with federal court practice, especially in this District.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.561.5300

FIRMWIDE:85225390.1 009001.1303                                07-cv-3527 WHA

DEFS INITIAL & IMMEDIATE OPP TO PLTF'S NTC OF MTN AND MOTION TO ALLOW PLTF TO FILE 1ST AMENDMENT COMPLT

1  and legal issues to be tried, (3) prejudice Defendant, and (4) delay the trial herein.  Specifically, if
2  the Court does not deny Plaintiff's belated motion for the innumerable scheduling violations
3  committed by Plaintiff as are discussed below, American requests that it be allowed full and fair
4  time to respond to the untimely motion to show that the reasons asserted by Plaintiff as to what now
5  prompted him to file his motion are incorrect, that his purported new claim fails to state facts on
6  which he may obtain relief, to obtain and present evidence showing that the conduct about which he
7  now complains is in full compliance with California law, to show that there is no issue to be tried
8  which would be material to the new claim, and, if needed, to present evidence and witnesses at trial
9  concerning American's baggage fee, how its passengers are informed that the fee is not for the
10 skycaps service, and a whole host of issues needed to defeat Plaintiff's alleged and belated claim for
11 a violation of a California Labor Code provision regarding tip income.  Such a claim has nothing to
12 do with his current claims of age discrimination or discrimination based on race, including his claim
13 that the fee was instituted as a form of unlawful discrimination.  Adding such a claim would
14 substantially delay the case because it would completely shift the case from one based on unlawful
15 discrimination to one based on a company wide policy.  However, if the Court does not reject
16 plaintiff's untimely and improper request out of hand for the reasons discussed below, American
17 should be allowed additional time to fully brief this issue.

18     With that alternative request made, Defendant notes that when the parties filed their *Joint
19 Statement Pursuant to Federal Rules of Civil Procedure 26(f)* (Doc. # 13), both sides stated they did
20 not believe any amendments to the pleading would be made. (Doc. # 13, 4:1-2).  When the Court
21 issued its Case Management Conference Order herein, Doc. # 16, the Court ordered that any leave to
22 amend the pleadings must be sought by October 31, 2007. (Doc. # 16, ¶ 2).  The Court's Case
23 Management Conference Order required all fact discovery to be completed by March 7, 2007. (Doc.
24 # 16, ¶ 4).[3]  The Case Management Conference Order further required all dispositive motions to be
25 filed by April 24, 2008.  (Doc. # 16, ¶ 9).  The Local Rules of this Court also require any party

---

[3] Plaintiff's motion makes the false statement that "in the present case, Plaintiff and Defendants are still in the discovery phase of the case, although Defendant has filed a motion for summary judgment."  Thus, he again acknowledges awareness of the pendency of the instant motion *and* falsely states that the parties are still within the period to conduct discovery.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.561.5300

FIRMWIDE:85225390.1 009001.1303                        2.                              07-cv-3527 WHA
DEFS INITIAL & IMMEDIATE OPP TO PLTF'S NTC OF MTN AND MOTION TO ALLOW PLTF TO FILE 1ST AMENDMENT COMPLT

1 seeking relief from the Court's Case Management Conference Order to first confer with opposing counsel concerning the desired change and file certain pleadings regarding these efforts. (Local Rule 16-2(d)). Plaintiff has done none of this. Nor has Plaintiff come remotely close to meeting the standard he must meet in order to obtain such relief from the Court's Case Management Conference Order. Once such scheduling order is made, no later amendment of pleadings is permitted unless the Court first modifies the scheduling order to permit such amendment. To obtain such modification, "good cause" must be shown (see FRCP 16(b)(4)). *Johnson v. Mammoth Recreations, Inc.* 975 F2d 604, 609 (9th Cir. 1992); *Hargett v. Valley Fed'l Sav. Bank* 60 F3d 754, 761 (11th Cir. 1995)("compelling reasons" why amendment could not have been presented earlier); *S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA* 315 F3d 533, 536 (5th Cir. 2003)

Finally, Local Rule 7-2 requires all motions to be made on at least 35 days' notice, except under circumstances which do not pertain hereto. Plaintiff's motion, which was filed either on May 13 or May 14, 2008, clearly was not filed 35 days in advance of Plaintiff's intended motion hearing date of May 29, 2008. In a nutshell then, Plaintiff has violated every possible deadline and timing rule under which he needed to seek leave to amend his pleading from the Court.[4] If the Court does not reject Plaintiff's request out of hand, American respectfully requests that it be given full and fair opportunity to present to the court the many additional substantive reasons why the belated amendment is improper.

Dated: May 15, 2008

/s/
KENNETH R. O'BRIEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMR THE PARENT OF AMERICAN
AIRLINES INC AND AMERICAN
AIRLINES

---

[4] This Court's Case Management Conference Order clearly states that no delays in trial preparation or trial because of ADR will be countenanced. ( Doc. # 13, ¶ 13.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.561.5300

FIRMWIDE:85225390.1 009001.1303     3.     07-cv-3527 WHA

DEFS INITIAL & IMMEDIATE OPP TO PLTF'S NTC OF MTN AND MOTION TO ALLOW PLTF TO FILE 1ST AMENDMENT COMPLT