IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD E. ANDERSON,

    Plaintiff,

    v.

AMR THE PARENT OF AMERICAN AIRLINES INC., and DOES 1 through 5, inclusive,

    Defendants.

No. C 07-03527 WHA

**ORDER RE PENDING MOTIONS**

    On April 24 defendants noticed a motion for summary judgment with a hearing date set for May 29. The opposition for the motion was due on May 8. Plaintiff filed no opposition, but instead filed a motion for leave to amend the complaint on May 13, improperly setting a hearing date for May 29 (the same date as the hearing on defendants' motion for summary judgment). Defendants then filed their reply brief to the motion for summary judgement and an objection to plaintiff's improperly noticed motion for leave to amend the complaint. The Court was then informed by plaintiff's counsel that they were unaware their case had been designated for electronic filing. Plaintiff subsequently filed an opposition to the motion for summary judgment on May 15, and a motion to be removed from electronic filing on May 16.

    The Court can see no justification for counsel's bizarre behavior, but will allow the opposition to be submitted. Defendants have until **MAY 23 AT NOON** to file their reply in light of the opposition. The hearing on defendants' motion for summary judgment will be moved to **JUNE 5 AT 8AM**. Plaintiff's improperly noticed motion for leave to amend the complaint will

1  not be considered and will be taken off the calender.  It should not be re-filed until after
2  defendants' motion for summary judgment is ruled on.  The Court reserves the question of
3  whether plaintiff will be required to reimburse defendants for any incremental costs injected by
4  counsel's snafus.  Plaintiff's motion to be removed from electronic filing is **DENIED**, but
5  defendants must manually serve plaintiff all documents filed with the Court until May 30.

7  Dated:  May 19, 2008.

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE