

1  Frederick C. Roesti, SBN 77932
   Law Frederick C. Roesti
2  1095 Market Street #419
   San Francisco, CA 94103
3  Tel 415-552-3733
   Fax 415-552-1849
4  Attorney for the Plaintiff
   Edward E. Anderson
5

6         IN THE UNITED STATE DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
7              SAN FRANCISCO-BRANCH

8  EDWARD E. ANDERSON,            )  Case No. 07-CV-3527 WHA
                                   )
9       Plaintiff,                 )
                                   )  **AMENDED**
10      vs                         )  PLAINTIFF'S MEMORANDUM OF POINTS
                                   )  AND AUTHORITIES IN OPPOSITION TO
11 AMR The parent of AMERICAN AIRLINES )  DEFENDANTS MOTION FOR SUMMARY
   INC. AMERICAN AIRLINES and Does 1 )  JUDGMENT AND /OR SUMMARY
12 through 5, inclusive.            )  ADJUDICATION OF CLAIMS AND OR
                                   )  JUDGMENT ON THE PLEADINGS;
13      Defendants                  )  ~~DECLARATION OF EDWARD E.~~
                                   )  ~~ANDERSON~~
14                                  )
                                   )  Date: May 29, 2008
15                                  )  Time: 8:00 a.m.
                                       Court: 9
16                                     Hon. William Alsup

17

18    **A. INTRODUCTION.** [1]

19      Plaintiff is an African American, who has worked as a sky cap for

20   American Airlines since 2001. Plaintiff was age 73, when he filed his discrimination claim in

21   January, 2006. At age 73, plaintiff was the oldest sky cap who work worked for American

22   Airlines, whether as an employee of American Airlines or as an employee of G-2, an

23   independent contractor who provided sky caps to American Airlines. The next oldest was 60

24   years old, and the rest in their 50's or 40's or younger.

25

26   _____
       [1]**AMENDED ONLY TO CORRECT TYPING, GRAMMAR, ERRORS**
27     Case No. 07-03527 WHA
       Plaintiff's Memo of Ps and As
28     in Opposition to Summary Judgment       1

Over the years, the number of African American sky who worked for American Airlines as employees or as employees of its independent contractor, has continued to dwindle through attrition and the hiring practices of American Airlines and its independent contractor, who have hired Caucasian and Filipino employees, but no African American employees. Plaintiff is now the sole remaining African American sky cap on his shift.

In August, 2005, when American Airlines adopted a $2 per baggage service fee to be collected by sky caps, plaintiff was the principal sky cap who publicly protested the $2 per baggage fee because it would significantly reduce tip income, upon which sky caps depended for the major portion of their income. Plaintiff requested that he be restored to the six hour shift, that had been denied him since 2001 to make up for the lost tip income.

On August 11, 2005, a supervisor from American Airline's met privately with Plaintiff and demanded that Plaintiff sign a letter agreeing to the $2 per baggage policy. Plaintiff was told to sign the letter or retire. After Plaintiff refused to sign the letter, he was not terminated. Instead Plaintiff was treated like a pariah. He was assigned to the least desirable baggage station by himself, and isolated from other sky caps. Plaintiff was again denied a six hour shift, although other American Airline employees in all levels operation from baggage handler to station agent, were able to work six hour shifts. Plaintiff was prohibited for working at the other station where other sky caps worked, regardless of the circumstances. If his baggage checking machine broke down, plaintiff could do nothing but wait for it to be fixed, while the other sky caps were not limited to one location, and if their machine broke down, they were allowed to use any machine that was available, including plaintiff's baggage check machine.

As a result of these actions toward plaintiff, plaintiff suffered a substantial reduction in tip income, and prestige among his fellow sky caps. By these actions, American Airlines sought to induce plaintiff to retire. Instead, in January, 2006, Plaintiff filed a discrimination complaint with the California Department of Fair Employment and Housing, alleging age and race discrimination, retaliation for exercising protected rights, and upon issuance of a Right to

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment       2

1  Sue Letter, plaintiff filed this action in State Court alleging age and race discrimination,
2  harassment, retaliation for asserting protected rights, and negligent and intentional infliction of
3  emotional distress. Plaintiff has also filed a timely motion to amend the complaint before the
4  court to add a California Statutory Cause of Action, alleging that the $2 baggage fee that was
5  initiated by American Airlines in August, 2005 violates California Labor Code Section 351
6  because it diverts gratuity income that belongs to the employee to the employer.

7  This court should deny defendant's motion for summary judgment and adjudication,
8  and should grant plaintiff request for leave to amend the complaint to allege violation of
9  California Labor Code Section 351.

## B. STATEMENT OF FACTS

Evidentiary Factual Allegation The factual evidence in support of plaintiff's allegation, and in opposition to defendant's' Motion for Summary Judgment includes (1) The evidentiary factual allegation in Plaintiff's Verified Compliant, (2) The Declaration of Plaintiff filed herewith, (3) the Deposition Testimony of Plaintiff, (5) the Responses to Discovery provided by plaintiff, and (4) the Declaration of Frederick C. Roesti, and exhibits.

Status of Plaintiff Prior to American Airline's purchase of TWA, plaintiff worked a six hour shift for TWA as a sky cap. In 2001, under the terms of American Airline purchase of TWA, approved by a bankruptcy judge, former TWA sky caps, including Plaintiff, where to become employees of American Airlines under a status quo agreement, which provided for the same working conditions, seniority, compensation, they enjoyed under the TWA contract until it expired by attrition. Other American Airlines sky caps were employees of an independent contractor, G-2, that provided sky caps to America Airlines. (Complaint, Anderson Deposition, Page 39, 69, 67, 142, 181; Anderson Declaration, par 3, 4)

In 2001, at the time of the purchase, there were approximately seven African American sky caps who worked for American Airlines, and on plaintiff's shift, there were three African American sky caps, including Plaintiff. The total number African American sky caps at

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment

American Airlines to plaintiffs knowledge has dwindled to two African American sky caps, including Plaintiff, and Plaintiff is the sole remaining African American sky caps on his shift This was the result of hiring practices due to attrition that have not hired African American sky caps since 2001 (Anderson Declaration, par 8-9)

In December 20, 2001, when American Airlines bought out TWA, American Airlines required the former TWA sky caps, including Plaintiff, to sign a letter that listed their income as $10.46 per hour, and stated, "If you choose not to accept the above position or do not report for work when advised, you will have no status with AA." Although plaintiff signed this letter, defendant American Airlines was still bound to the status quo agreement regarding terms of employment, gratuities, seniority, shift selection, etc. When supervisors for American Airlines disputed the continued operation of the status quo agreement, Plaintiff referred them to Dallas (the American Airline headquarter), and the supervisors reported back to Plaintiff that he was right (Anderson Deposition, 38-39).

However, instead of placing plaintiff on a six hour shift, as he requested, plaintiff was told that American Airlines did not have six hour sifts, and the shift available to him was a four shift (Anderson Deposition, page 39-40). Later plaintiff learned that this representation was false. By August, 2005, plaintiff learned that American Airlines allowed employees at all level of its operation to work six hours shifts from baggage handler, to ramp man, to station agent (Anderson Declaration)

August, 2005: Implementation of $2 per bag service fee.

In August, 2005, American Airlines announced that it was instituting a $2 dollar per bag baggage service fee, so that sky caps checked in baggage as they had done before, when customers paid tips to sky caps, but now the sky caps would collect a $2 per bag service fee from customers, and sky caps would turn the $2 per bag fee over American Airlines, or G-2,

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment     4

in the case of sky caps who worked for G-2 for American Airlines. Plaintiff was the principal sky cap who protested this new policy because it would significantly reduce tip income, that sky caps relied upon (Anderson Deposition, page 75-76, 89, 131-136). Plaintiff renewed his request for a six hour hour shift. In the normal of things, but for discrimination on the basis of age and race, Plaintiff would have been assigned to a six hour shift from 8:00 a.m. to 2:00 p.m. since December, 2001, and from August, 2005 due to (1) his seniority, (2) the terms of the status quo agreement between American Airlines and TWA covering the skycaps, that was approved by a Bankruptcy Judge, and (3) the fact that Plaintiff was an employee of American Airlines under the status quo agreement, while other sky caps were employed by an independent contractor, G-2, that contracted with American Airlines to provide sky cap services (Anderson Deposition).

When Defendant's agents approached Plaintiff, individually, to sign an agreement agreeing to the $2 baggage fee, and plaintiff refused, Plaintiff was told to sign the agreement or retire.

Discrimination, Retaliation and Harassment.

Defendants did not retire plaintiff by termination, but they embarked on a course of action that treated him like a pariah. Plaintiff was assigned to the least desirable baggage station by himself, and isolated from other skycaps. Plaintiff was again denied a six hour shift, although other American Airline employees in all levels operation from baggage handler to station agent, were able to work six hour shifts. Plaintiff was prohibited for working at the other station where other sky caps worked, regardless of the circumstances. If Plaintiff's bag checking machine broke down, plaintiff was prohibited from working elsewhere. He could do nothing but wait it to be fixed, while the other sky caps were not limited to one location, and if their machine broke down, they were allowed to use any machine that was available, including

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment       5

plaintiff's baggage check machine (Anderson Deposition 39, 53-55, 74-76, 89-92, 98-102).

This conduct by American Airlines cut deeply into plaintiffs tip income, and its isolation of plaintiff, and discriminatory conduct toward him was observed by and is recorded in sworn statements of other sky caps. See Anderson Declaration.

Filing of Complaint

On January 24, 2006, Mr. Anderson filed his complaint of age and race discrimination, and claim of retaliation with DFEH. He received a right to sue letter, dated August 2, 2006. On January 9, 2007, Mr. Anderson filed the present complaint, alleging (1) Age discrimination in violation of FEHA, (2) Race discrimination in violation of FEHA, (3) Retaliation for exercising protected civil and employment rights in refusing to sign the August, 2005 letter in violation of FEHA, among other things (4) Negligent infliction of emotional damages, and (5) Intentional infliction of emotional damages, and with this opposition to defendant's motion for summary judgment, plaintiff has filed a timely motion to amend the complaint to allege the $2.00 baggage fee was improper diversion of skycap gratuities to American Airlines in violation of California Labor Code Section 351.

C. ARGUMENT

**1. This Court cannot grant summary judgment for defendant because there are genuine issues as to the material facts.**

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant summary judgment only if there is a showing that there is no genuine issue as to any material fact on which Plaintiff may be able to prevail. In the present matter the Defendant wishes to side step the issues presented in this matter. Defendants provide declarations from several employees of American Airlines, but the declarations avoid the issues that are presented by Plaintiff in this case, and at most present issues of fact for the trier of fact.

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment        6

Furthermore, the declarations submitted on behalf of Defendant omit the following factual allegations in Plaintiff's verified complaint. First, that Mr. Anderson was only allowed to work a four hour shift verses the original 6 hour shifts. Second, that he was allowed to move to the different areas until the August 2005 policy shifts. Then, Mr. Anderson was required to remain at only one location. Third, the declarations fail to address the consequence of said policy, which is the basis of this action. Fourth, the declarations fail to mention the letter that Mr. Anderson was requested to sign when American Airlines was changing their policy in August, 2005. Finally, the declarations do not address the consequence of the new tip policy. Nor do they address the allegations that Mr. Anderson was originally told sky caps could not accept tips, or that American Airlines supervisors took down the hand written signs by Plaintiff that the $2 per bag service was not a tip and did not go to skycaps. The disputed facts presented in this case require the court to deny Defendant's motion for Summary Judgment.

**2. Plaintiff is not barred by any Statute of Limitations under State Law.**

In this matter the first and second cause of action alleged several actions taken by Defendant against Plaintiff to show violation of the California fair Employment and Housing act (FEHA"). The Defendant focused only on one of the alleged acts by American Airlines and chose to ignore the crux of the complaint in order to make their Statute of Limitation claim. Plaintiff ignores the crux of the complaint, i.e. what happened to plaintiff after the August, 2005 institution of its $2 per bag service charge, when Mr. Andrson was requested to sign a letter of resignation, when Mr. Anderson was no longer allowed to move from his location, and when he was given a substandard location despite his seniority. It ignores the fact that Mr. Anderson filed his complaint with California Department of Fair Employment

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment       7

and Housing in January 2006, received a right to sue letter in August 2006, and filed this complaint in state court in January 2007.

The cases cited by Defendant, *Taylor v. City of Los Angeles Dept. of Water & Power (2006) 144 Cal App. 4th 1216*, allowed the Plaintiff to proceed since the actions by the Defendant were material to his claims. In *Porter v. California Department of Corrections 383 F3rd 1018 1031-1032 (2004)* also cited by the Defendant, the court ruled that the Summary Judgment motion granted in the District Court must be overturned. The *Porter* case concerned a sexual harassment and retaliation case concerning Ms. Porter and the CDC. The court held the continuing acts upon which the complaint was filed were sufficient to defeat the Statute of Limitation problem.

Finally, as defendants admit, the discriminatory conduct is not limited to what happened after August, 2005, but also extends back to December, 2001, because these were not "discrete acts" that were not repeated. They consisted of actions that followed August 1, 2005, including discriminatory actions that preceeded August, 2005.

### 3. Age Discrimination

Mr. Anderson a 73 year old African American man was treated differently than younger skycaps after he joined American Airlines, both before August, 2005 and after August, 2005. In addition to having fewer hours than the other skycaps, that limited him to working only four hour sifts, when the 2005 policy in baggage handling was modified and Mr. Anderson refused to sign a resignation letter, he was treated to as a second class citizen, directed toward his age, to encourage him to retire or resign. This treatment caused him to earn less income and in fact to be separated from the rest of the skycaps. In *Horn v. Cushman*

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment      8

& *Wakefield Western, Inc. (1999) 72 Cal App 4th 798 85 Cal Rptr 2d 459*, the court allowed Summary Judgment against the Plaintiff as a result of the termination of the employee because, in that case, there was a legitimate case of restructuring. Here, Mr. Anderson was not terminated. He was put in a less desirable position. The institution of the $2 per bag service fee was not a restructuring, per se. The discrimination on the basis of age arose from the fact that he was singled out, required to work in one place, prohibited from changing location like other skycaps –after he was invited sign a letter of resignation, and refused.

### 4. Race Discrimination

Plaintiff alleges that Defendant took the actions against Mr. Anderson as an African American, who was treated differently than the other skycaps. The specific allegations are set forth above. Clearly, American Airlines treatment of Mr. Anderson was attributed to a number of factors, and including its policy of excluding African American sky caps through it attrition and hiring practice from December, 2001, his age, and retaliation. In *Equal Employment Opportunity Commission v. Crown Zellerbach Corp 720 F.2d 1008, 1014-1016 (1983)* the court ruled that a defendant must be able to articulate a legitimate, nondiscriminatory reason for its actions. In the present matter no such articulation has been forth coming from Defendant.

### 5. Retaliation

American Airlines embarked upon a new more virulent level of discrimination once Mr. Anderson refused to sign the letter of resignation, and when Mr. Anderson protested the $2 baggage service and other fees, that affected sky cap income. Mr. Anderson was no longer allowed to be where the bulk of the passengers were being loaded, nor was he able to

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment        9

use any machine if his was broken. The booth used by Mr. Anderson was on wheels so he could have moved to where the passengers were loading, but for American Airlines's refusal. American Airlines did not want to have Mr. Anderson around any longer and they felt their action would cause him to quit. In *Vasquez v. County of Los Angeles, (2001) 349 F.3rd 349* the court stated that the Defendant must offer a legitimate reason for changing its policy towards Plaintiff. Unlike the *Vasquez* case Mr. Anderson position was not changed nor was he fired because of his work. He has presented a present a prima facia case sufficient to withstand summary judgment because the actions of American Airlines occurred after he refused to sign a letter of resignation.

### 6. Intentional and Negligence Infliction of Emotional Distress

Defendant cites *Fermino v. Fedco Inc.(1994) 7 Cal 4th 701 30 Cal Rptr. 2d 18* in its brief to avoid intentional infliction of emotional distress. The court in that case allowed a charge of false imprisonment to go forward despite the Defendant's claim that workers compensation law provided the exclusive remedy. The court stated that acts that are not in the normal course of business can not be defeated by demur. Furthermore, here, apart from the discrimination allegations, there is sufficient evidence to support the intentional or the negligent infliction of emotional distress.

### D. CONCLUSION

For all of the above reasons, the defendant's motion for summary judgment must be denied.

Dated: May 15, 2008          Submitted by: _____
                             Frederick C. Roesti, attorney for Plaintiff Edward Anderson

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment         10

## PROOF OF SERVICE BY FAX AND MAIL

I, the undersigned declare:

I am over the age of eighteen. I am not related to the parties in this action. I may be reached at the Law Office of Frederick C. Roesti, 1095 Market Street, San Francisco, CA 994103, Tel (415) 552-3733.

I served the the following documents:

**AMENDED** PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT;

By FAX and by MAIL as follows: I faxed the documents to the following fax number and I mailed documents by placing them in an envelope with postage paid and placed in the United States Mail addressed to:

Fax (916) 561-0828
Kenneth R. O"Brien, Esq,
Littler Mendelson
2520 Ventura Oaks Way, Suite 390
Sacramento, CA 95833-4227
on the date listed below.

I have read the above statement and declare under penalty of perjury under the laws of the State of California that it is true and correct and was executed in San Francisco, California on May 19, 2007

Frederick C. Roesti

Case No. 07-03527 WHA
Plaintiff's Memo of Ps and As
in Opposition to Summary Judgment    11