1  KENNETH R. O'BRIEN, Bar No. 072128
   E-mail: kobrien@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
4  Telephone:    916.830.7200
   Facsimile:    916.561.0828
5
   DENISE M. VISCONTI, Bar No. 214168
6  E-mail: dvisconti@littler.com
   LITTLER MENDELSON
7  A Professional Corporation
   501 W. Broadway, Suite 900
8  San Diego, CA  92101.3577
   Telephone:    619.232.0441
9  Facsimile:    619.232.4302

10 Attorneys for Defendant
   AMERICAN AIRLINES, INC.
11

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15 | EDWARD E. ANDERSON,               | Case No.  07-cv-3527 WHA
16 |          Plaintiff,               | **DEFENDANT AMERICAN AIRLINES, INC.'S OBJECTIONS TO PLAINTIFF'S**
17 |     v.                            | **EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND/OR**
18 | AMR The parent of AMERICAN        | **SUMMARY ADJUDICATION OF CLAIMS AND/OR JUDGMENT ON THE**
   | AIRLINES INC, AMERICAN AIRLINES,  |
19 | and DOES 1 through 5 INCLUSIVE,   | **PLEADINGS**
20 |          Defendants.              | Date:      June 5, 2008
                                         Time:      8:00 p.m.
21                                       Courtroom: 9
                                         Judge:     William Alsup
22

23

24

25

26        Defendant hereby objects to the following matters relied on as part of Plaintiff's

27 opposition to American's motion.

28

FIRMWIDE:85289125.1 009001.1303                                    07-cv-3527 WHA

DEF'S OBJECTIONS TO PLTF'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUD.

1. Defendant objects to any and all papers and pleadings filed by Plaintiff in opposition to the pending motion as being untimely filed in violation of Local Rule 7-3;

2. Defendant objects to all supporting papers and exhibits filed by plaintiff and not faxed to the undersigned counsel until Tuesday May 20, 2008 as untimely in violation of Local Rule 7-3.

3. Defendant objects to those portions of the declaration of Frederick C. Roesti which are hearsay, and not based on personal knowledge, to wit, Roesti Dec. ¶¶ 9, 10. Said paragraphs are not based on personal knowledge, rely on hearsay, and refer to unauthenticated and inadmissible documents, and are argumentative. Affidavits containing hearsay (including reference to statements by others) fail Rule 56(e)(1) standards. "(H)earsay evidence in Rule 56 affidavits is entitled to no weight." *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) (internal quotes omitted). Declarations by attorneys are sufficient only if the facts stated are matters of which the attorney has knowledge—e.g., matters occurring during the course of the lawsuit, such as authenticity of a deposition transcript. Attorney affidavits made on information and belief do not satisfy the summary judgment procedural requirements. *Rountree v. Fairfax County School Bd.*, 933 F.2d 219, 223 (4th Cir. 1991);

4. Defendant objects to all pages and all documents attached to the Roesti declaration as Exhibit 2. Such documents are alleged statements given by G2 skycaps to Plaintiff or his lawyer. (Roesti Dec., ¶¶ 9, 10.) These documents lack foundation, authentication, and are hearsay. Declarations or affidavits submitted in conjunction with a summary judgment motion must: (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence (i.e., no inadmissible hearsay or opinions); and (3)

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

FIRMWIDE:85289125.1 009001.1303      2.      07-cv-3527 WHA

DEF'S OBJECTIONS TO PLTF'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUD.

show the affiant is competent to testify to the matters stated. Fed. R. Civ. P. 56(e)(1). A "hearsay assertion that would not be admissible if testified to at trial is not competent material for a Rule 56 affidavit." *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2nd Cir. 1999) (internal quotes omitted); *Hurd v. Williams*, 755 F.2d 306, 308 (3rd Cir. 1985) (inadmissible lay opinion not considered). Affidavits containing hearsay (statements by others) generally fail Rule 56(e)(1) standards, above: "(H)earsay evidence in Rule 56 affidavits is entitled to no weight." *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) (internal quotes omitted). A proper foundation must be established for documents used to support or oppose summary judgment motions. Personal knowledge: A party offering documentary evidence may establish its foundation by attaching an affidavit by a custodian of records or anyone qualified to speak from personal knowledge that the documents are what they purport to be (e.g., business records). *Thanongsinh v. Board of Ed.*, 462 F.3d 762, 777 (7th Cir. 2006); *Orr v. Bank of America*, NT & SA, 285 F3d 764, 778 (9th Cir. 2002). Hear, the documents attached as Exhibit 2 to the Roesti declaration are unsworn, unauthenticated, and contain hearsay and improper conclusions.

Dated: May 23, 2008

/s/ Kenneth R. O'Brien
KENNETH R. O'BRIEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMR THE PARENT OF AMERICAN AIRLINES INC AND AMERICAN AIRLINES

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 561 5300

FIRMWIDE:85289125.1 009001.1303      3.      07-cv-3527 WHA

DEF'S OBJECTIONS TO PLTF'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUD.