```
1  Frederick C. Roesti SNB 77932
   1095 Market Street #419
2  San Francisco, CA 94103
   415-552-3733
3  Attorney for the Plaintiff
```

IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-BRANCH

| | |
|---|---|
| EDWARD E. ANDERSON, | ) Case No. 07-459441WGY |
|         Plaintiff | ) |
| Vs | ) Date June 5, 2008 |
| | ) Time: 8:00 A.M. |
| AMR The parent of AMERICAN AIRLINES | ) Ctrm: 9 |
| | ) Judge: Hon. William Alsup |
| INC. AMERICAN AIRLINES and Does 1 | ) |
| through 5, inclusive. | ) |
|         Defendants | ) |

1. The affidavit of Frederick Roesti cites the survey completed by Plaintiff in this matter. The Defendants assert that this is hearsay evidence hence it should not be consider in Plaintiff's opposition to Defendants Summary Judgment motion.

2. It has always been clear that evidence used to impeach the evidence submitted by the opposition is an exception to the hearsay rule. Defendants submitted evidence that they claim shows Plaintiff is not entitled to the relief sought, but the surveys submitted impeach that evidence.

- 1

3. The surveys were completed by other skycaps who worked along side of Edward Anderson; they have personal knowledge of the treatment and circumstances of the skycaps who work for Defendant. These skycaps worked for a company that contracted directly with Defendant to perform the same services as Plaintiff performed for American Airlines.

4. Federal Rules of Civil Procedure 56 cited by Defendant requires the affidavit should contain competent evidence. Federal Rules of evidence 801 (d)(2)(D) states in part, " a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.." is not excluded by the hearsay rule. The survey provides information from current skycaps working at the San Francisco airport for an agent of Defendant. In *Hilao v. Estate of Ferdinand Marcos* (1996)103 F3d 767 775, and *United States v. Chang* (2000) 207 F3d 1169, 1176-1177 the courts cited the section of the federal rules to confirm that such a statement would not be excluded as a result of the Hearsay rules.

5. The Federal Rules of Evidence rule 807 provides an additional exception to the hearsay rule, ie the trustworthy exception,

" A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence…"

As skycap statements demonstrate they provide circumstantial guarantees of trustworthiness.

6. The cases cited by Defendants in order to preclude the affidavit of Frederick C. Roesti in their attempt to prevail in the Summary Judgment Motion in this matter, ignores the exceptions to the hearsay rule.

1  For the reason cited above the Defendants opposition to the evidence
2 submitted in this matter should be ignored.

>Respectfully submitted,
>
>s/Frederick C. Roesti
>Frederick C. Roesti
>Attorney for Plaintiff

**PROOF OF SERVICE–CCP 1013A–2015.5**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am employed in the County of San Francisco, State of California; I am over the age of 18years and not a party to the within action: my business address is 1095 Market Street #419 San Francisco, CA.

On June 3, 2008,I served the following documents(s) on the party(ies) entitled to notice in this action, described as:
                     OPPOSITION TO DEFENDANTS OBJECTION TO THE EVIDENCE SUBMITTED IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT
____**x**____ **via Fax** , the true copies thereof enclosed in a sealed envelope(s)for delivery as follows:


_____   VIA **U.S.MAIL**, the true copies thereof enclosed in a sealed envelope(s)for delivery as follows:

KENNETH R. O'BRIEN Esq.
LITTLER MENDELSON
2520 VENTURE OAKS WAY #390
Sacramento, CA 95833

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on June _3, 2008 at San Francisco, California.


                              /s_____
                              Clifford D. Bercovich

- 4